[Civ. No. 11288. Second Appellate District, Division Two.—March 15, 1937.]

IRA B. NELSON, Appellant, v. ASSOCIATED INDEMNITY CORPORATION (a Corporation) et al., Respondents.

Porter C. Blackburn for Appellant.

Syril S. Tipton for Respondents.

CRAIL, P. J.—This appeal is from a judgment in favor of defendant, entered after a general ·demurrer to plaintiff's complaint was sustained without leave to amend, and from an order denying a motion for permission to amend.

The following facts appear in the proposed amended complaint: Plaintiff, while employed by one Spicer, received an injury to his right elbow. The defendant corporation was the compensation-insurance carrier of Spicer. After proceedings duly had before the Industrial Accident Commission, an award was made in favor of plaintiff and against the defendant corporation, requiring weekly payments for an indefinite period—until termination of plaintiff's disability. Spicer was relieved from all liability and the defendant was substituted in his place under the Workmen's Compensation Act. Defendant made the compensation payments to plaintiff for a period of approximately fourteen months, then discontinued them. Defendant stated that it would commence making the payments again if plaintiff would submit to an operation for the purpose of improving his condition. Plaintiff agreed to submit to the operation, which was performed by defendant's physicians. The operation was unsuccessful and, as a result of the unskillful and negligent manner in which the operation was performed, plaintiff's elbow was rendered worse, his disability was aggravated, and his disability is now permanent. Thereupon, plaintiff commenced this action for the purpose of recovering damages from the insurance carrier for the negligence of the physicians, alleged to be its agents, in performing the operation. The insurance carrier is the only defendant.

It is admitted by the plaintiff that the defendant's relation to the case is the same as that of an employer and that defendant "is liable to the same extent as the employer would be". Indeed, he states this as one of his large-type contentions. It is for this reason undoubtedly that the plaintiff sets out at great length on the face of his complaint the facts of the employment by Spicer, the injury while engaged in said employment, the proceedings before the Industrial Accident Commission and the award against defendant including the release of Spicer, all of which ordinarily would be immaterial in a malpractice case.

The sole question necessary for determination on this appeal is: Does the plaintiff have a remedy against defendant before

the Industrial Accident Commission and is such remedy exclusive?

It is well settled that the Workmen's Compensation Act provides substantially that, where the specified conditions exist, the right to recover compensation in a proceeding before the Industrial Accident Commission shall be, as against the employer, the exclusive remedy of the employee. (27 Cal. Jur. 262, and cases cited.)

In the case of *Alaska Packers* v. *Industrial Acc. Com.*, 200 Cal. 579, 583 [253 Pac. 926], the Supreme Court said: "The California Workmen's Compensation Act provides the only means by which an injured employee can recover Compensation from his employer for injuries received in the course of and arising out of his employment, and it abrogates the common-law liability of the master for such injuries in the cases to which it is applicable. . . . When the specified conditions exist, the remedy provided by the Act is exclusive of statutory or common-law remedies."

Furthermore, it has become well settled that a disability, resulting from treatment instituted to cure or relieve the employee from the effects of a compensable injury, is also compensable under the Workmen's Compensation law. (27 Cal. Jur. 423.) In the case of *Fitzpatrick* v. *Fidelity & Casualty Co. of N. Y.*, 7 Cal. (2d) 230 [60 Pac. (2d) 276], our Supreme Court said: "In the development of our system of Workmen's Compensation, it has become settled, as already indicated, that an employee is entitled to compensation for a new or aggravated injury which results from the medical or surgical treatment of an industrial injury, whether the doctor was furnished by the employer, his insurance carrier, or was selected by the employee." Also, see, *Sarber* v. *Aetna L. Ins. Co.*, 23 Fed. (2d) 434, 435, and cases cited therein.

It is clear, therefore, that the new or aggravated disability caused by the negligent performance of the operation, alleged in the amended complaint, is a part of the disability for which the plaintiff is entitled to indemnity under an award from the Industrial Accident Commission and that the commission has exclusive jurisdiction over such claim against the employer and his insurance carrier.

Plaintiff contends that there is support in the cases for a different ruling. In this behalf he relies upon *Smith* v. *Golden State Hospital*, 111 Cal. App. 667 [296 Pac. 127.] But

it develops upon inspection that in that case the employee sued, not the employer or his carrier, but the hospital and the physicians who performed the operation upon him. The court said: "The only parties defendant upon this appeal by the plaintiff are the *hospital* and the *physicians,* and the *sole* question presented is as to the right of the employee to maintain an action against them for malpractice after allowance of compensatory relief from the employers." In our view, this is not an authority for the plaintiff's contention that under the facts alleged he has a cause of action in a civil suit against the employer or his insurance carrier. The plaintiff has his remedy, but he should press it before the Industrial Accident Commission, which commission has exclusive jurisdiction to hear it.

Judgment and order affirmed.

Wood, J., and McComb, J., *pro tem.,* concurred.