[Civ. No. 22605.   Second Dist., Div. Two.   Feb. 21, 1958.]

HARRY E. HAZELWERDT, Appellant, v. INDUSTRIAL INDEMNITY EXCHANGE, Respondent.

David C. Marcus for Appellant.

Herlihy & Herlihy for Respondent.

FOX, P. J.—Plaintiff has appealed from a judgment for defendant[1] upon the sustaining of a demurrer to the second amended complaint without leave to amend.

On January 2, 1945, plaintiff sustained an injury arising out of and occurring in the course of his employment by Sylva and Hill Construction Company. Defendant is the insurance carrier for that concern. In November, 1950, the

---

[1]Other defendants were named in the complaint but this appeal involves only defendant insurance carrier.

Industrial Accident Commission found that plaintiff's injury had resulted in a permanent disability of 100 per cent and ordered that defendant furnish to plaintiff ''medical, surgical and hospital treatment as may reasonably be needed during the remainder of his life to cure and relieve [him] from the effects'' of his injury. Subsequently, the commission has made supplemental orders directing defendant to provide specific treatment for plaintiff, finding that defendant was not required to pay certain bills incurred by plaintiff as self-procured medical expenses, and holding that plaintiff did not need a certain type of treatment. The defendant was ordered to furnish plaintiff with certain psychiatric treatment in June, 1951; these orders are still in effect.

In the present action plaintiff seeks damages from defendant because of its conduct in connection with Dr. Homer Pheasant,[2] the physician allegedly employed by defendant to provide the treatment required for plaintiff. It is alleged that defendant insurance carrier conspired with Pheasant ''to mitigate and lessen plaintiff's true physical and mental condition''; that Dr. Pheasant, acting in the course of his employment by defendant, negligently failed to diagnose and recommend further surgery to fuse the spinal vertebrae of plaintiff in order to relieve him from the effects of pain emanating from plaintiff's spine; that Pheasant negligently reported to defendant that plaintiff's condition did not require hospitalization or further medical care; that in furtherance of the conspiracy defendant refused to furnish plaintiff with any medical, hospital, surgical and psychiatric treatment, thereby compelling plaintiff to employ the services of private physicians; that defendant advised these private physicians that plaintiff was malingering and that his condition was such that defendant would not be responsible for the bills, thereby causing the private doctors to withdraw from the case; that as a result of above acts plaintiff has undergone an incomplete fusion of the vertebrae and an involvement of the nerve roots, and has suffered great physical pain and nervous shock. Plaintiff asserts that he has had seven operations on his spine and back and is now bedridden.

Plaintiff's initial contention is that the complaint states a cause of action against defendant for the negligence of Dr. Pheasant on the basis of *respondeat superior*. Defendant admits that it ''would be liable in workmen's compensation

[2] Dr. Pheasant was one of the defendants named in the complaint.

benefits for any increase in the [plaintiff's] disability by reason of the alleged malpractice, or for any injuries sustained in the course of the alleged malpractice, and would also be liable for medical treatment for the cure or relief of any such increase or new injuries." However, defendant contends that its liability would be governed by workmen's compensation law and that the Industrial Accident Commission has exclusive jurisdiction over the case; plaintiff does not have an independent cause of action against the insurance carrier for the alleged malpractice of the attending physician. Defendant's position is the correct one. ■ "[I]t is clear that, where an employee is injured in an industrial accident, and the employee seeks recovery for . . . the aggravation from his employer or from his insurance carrier, the Industrial Accident Commission has exclusive jurisdiction to determine this claim against the employer or his carrier." (*Duprey* v. *Shane*, 39 Cal.2d 781, 790 [249 P.2d 8] ; see also *Smith* v. *Coleman*, 46 Cal.App.2d 507, 513 [116 P.2d 133].) In *Fitzpatrick* v. *Fidelity & Casualty Co.*, 7 Cal.2d 230 [60 P.2d 276], our Supreme Court pointed out that the Workmen's Compensation Act substitutes a new system of rights and obligations for the common law rules governing the liability of employers for injuries to their employees, and the purpose of the Act is to furnish a *complete* system of workmen's compensation. The court went on to state (pp. 233-234) :

"In other words, where the recovery for an injury sustained by or the death of an employee comes within the provisions of the Workmen's Compensation Act, the Industrial Accident Commission has exclusive jurisdiction and the superior court may not entertain an action for damages against the employer or his insurance carrier, the latter being subrogated to all the rights and duties of the employer.

"In the development of our system of workmen's compensation, it has become settled, as already indicated, that an employee is entitled to compensation for a new or aggravated injury which results from the medical or surgical treatment of an industrial injury, whether the doctor was furnished by the employer, his insurance carrier, or was selected by the employee. . . .

". . . [W]e are of the view that any aggravation or increase of the injury growing out of such examination would be compensable under the act . . . and may not constitute the basis of an action for damages against the employer or his insurance carrier."

The facts alleged in the complaint clearly bring this case within the provisions of the Workmen's Compensation Act, and plaintiff may seek relief before the Industrial Accident Commission. He has no independent cause of action against defendant based upon the physician's alleged malpractice. (*Fitzpatrick* v. *Fidelity & Casualty Co., supra.*)

Plaintiff's second contention is that the allegations of conspiracy take the case outside the exclusive jurisdiction of the Industrial Accident Commission and constitute an independent cause of action which he may maintain against defendant insurance carrier. Again defendant argues that plaintiff's sole remedy is before the Industrial Accident Commission, and no independent cause of action exists. Both sides agree that the conspiracy question is one of first impression in California. We have concluded that plaintiff does not have an independent cause of action against defendant insurance carrier for conspiracy, and that any relief which plaintiff might seek is within the exclusive jurisdiction of the Industrial Accident Commission. In effect plaintiff's complaint asserts that defendant failed to provide him with certain medical and surgical treatment which he reasonably needed and which defendant was required to furnish pursuant to the mandate of the Industrial Accident Commission. The allegations of conspiracy do not alter the nature of defendant's alleged acts and omissions.[3] Whether or not a conspiracy existed, the wrong of which plaintiff complains is the defendant's failure to provide him with the required care. Defendant's obligation to furnish such care was established by the Industrial Accident Commission pursuant to workmen's compensation law, and defendant's responsibility for failing to meet that obligation should also be determined before that tribunal. In other words, the duty which defendant is alleged to have breached emanated from the Workmen's Compensation Act and became fixed by the order of the Industrial Accident Commission, and that forum should have the exclusive jurisdiction to determine the consequences of such breach.

The provisions of the Workmen's Compensation Act support our conclusion. Labor Code, section 4600, establishes the liability of the employer or insurer for neglecting or refusing to provide the employee with the required treatment. Section 4604 provides that controversies between employer (or insur-

---

[3]In an action for civil conspiracy it is the civil wrong resulting in damage, and not the conspiracy, which constitutes the cause of action. (*Schaefer* v. *Berinstein*, 140 Cal.App.2d 278, 293 [295 P.2d 113].)

ance carrier) and employee shall be determined by the Industrial Accident Commission. And section 5300 provides: "All the following proceedings shall be instituted before the commission and not elsewhere . . . (b) For the enforcement against the employer or an insurer of any liability for compensation imposed upon him by this division in favor of the injured employee. . . ." These sections make it clear that the Industrial Accident Commission has jurisdiction to determine defendant's liability for injuries resulting to plaintiff because of its alleged wrongful acts and omissions in relation to the treatment which it was required to provide. Since the commission has that jurisdiction, plaintiff is not entitled to maintain an independent action against defendant for those same injuries.

Plaintiff fallaciously relies upon Labor Code, section 3852, which provides in part that: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer." Section 3850 specifically provides that "employer" includes insurer.

Plaintiff has called our attention to the line of cases which have permitted an employee injured in an industrial accident to recover damages in a civil suit against the attending physician whose negligence has aggravated the original injury. He argues from these cases that the physician and the insurance carrier should be treated identically in light of his allegations that they acted in concert. He concludes that defendant stands in the shoes of the doctor because of the conspiracy, and that he should therefore be permitted to maintain this action against defendant. But plaintiff overlooks the fact that the Industrial Accident Commission has no jurisdiction over his claim against the doctor. (Lab. Code, § 3852; *Duprey* v. *Shane, supra,* 790-791; *Smith* v. *Coleman,* 46 Cal.App.2d 507, 513 [116 P.2d 133].) This is one of the reasons for permitting an independent action against the doctor for malpractice. The employer's insurance carrier is held responsible in workmen's compensation for the negligence of the doctor since that negligence is one of the foreseeable consequences of the original industrial injury. (*Heaton* v. *Kerlan,* 27 Cal.2d 716, 720 [166 P.2d 857].) Under the schedule of compensation the employee is entitled to recover for the extent of his disability based upon the ultimate result of the accident. The total liability of the insurer is determined before the Industrial Accident Commission because it has

jurisdiction over such insurer as well as over the employee's claim. It is therefore unnecessary and improper to permit the maintenance of an independent civil action for damages against the insurance carrier.

None of the cases cited by plaintiff are in point. One, however, should be considered. In *Duprey* v. *Shane, supra,* it was held that an employee injured in an industrial accident could maintain a civil action for damages against the doctor whose negligent treatment aggravated the injury, even though the doctor who treated the employee was in fact his employer. Although the case seems to permit a civil action against one who is subject to the exclusive jurisdiction of the Industrial Accident Commission based upon the employee's claim for compensation, the court makes it clear that such civil action is permitted against the defendant not because of his position as employer but solely because of his "entirely separate capacity and relationship to the injured person." The court recognized the dual legal personality which the defendant bore in relation to the employee and based its decision upon that dual relationship. The court reasoned that the actions of the employer-doctor made him a "person other than the employer" within the meaning of Labor Code, section 3852. In the case at bar it cannot be said that defendant insurance carrier took on a dual personality merely because it allegedly conspired with the attending doctor to deprive plaintiff of the care to which he was entitled. Regardless of any conspiracy, defendant's alleged failure to act would constitute refusal or neglect to provide medical treatment within the meaning of Labor Code, section 4600, and, in view of plaintiff's award of lifelong medical, hospital and surgical treatment, defendant would be liable for the reasonable expenses incurred by plaintiff in providing treatment. Defendant does not become a "person other than the employer" merely by conspiring with a third party to do something the liability for which is already covered by workmen's compensation law. The language of the court in *Lamoreaux* v. *San Diego etc. Ry. Co.,* 48 Cal.2d 617 [311 P.2d 1], indicates a concurrence in this view, although the discussion dealt with joint liability for negligence which causes the initial injury rather than for conspiracy which results in aggravation of the original injury. The court there stated (pp. 624-625): "The liability of an insured employer to an employee who is injured during the course of his employment is fundamentally different from that of a third person whose negligent conduct, jointly with

that of the employer, resulted in the injury. The third person, of course, is liable under general rules of tort law, as applied by a court. An insured employer, however, is not liable for an industrial injury to his employees under general tort principles but only by virtue of the workmen's compensation provisions of the Labor Code, and he is subject to proceedings before the Industrial Accident Commission but not to suit in court for the injury. [Citations.] The workmen's compensation statutes in this connection contained no exception that would lead to a different result on the ground that the employer had acted jointly with a third party.'' It is thus apparent that the holding in the Duprey case has no application to the case at bar.

The judgment is affirmed.

*Ashburn, J., and Kincaid, J. pro tem.,\* concurred.*

Appellant's petition for a hearing by the Supreme Court was denied April 16, 1958.

*\*Assigned by Chairman of Judicial Council.*