[Civ. No. 24797. Second Dist., Div. One. Jan. 26, 1961.]

JOHN DEAUVILLE, Appellant, v. DON HALL et al., Defendants; WALT DISNEY PRODUCTIONS, Respondent.

John Deauville, in pro. per., Lionel T. Campbell and William A. Ross for Appellant.

Thomas P. Menzies and James O. White, Jr., for Respondent.

LILLIE, J.—Plaintiff in propria persona filed a negligence action against his employer, Walt Disney Productions, and one Don Hall for aggravating a disability arising out of an injury compensable under the Workmen's Compensation Act. Principally on the ground that the superior court has no jurisdiction over the cause the lower court sustained a demurrer to the third amended complaint. Plaintiff appeals from the judgment entered against him on the order; Walt Disney Productions is the sole respondent.

The complaint alleges that on July 22, 1958, plaintiff was injured while working for Walt Disney Productions, and that Don Hall, an employee, "negligently sent plaintiff to a physician who was not qualified to treat plaintiff" (Par. III); that Hall knew or should have known that said physician was unable to treat plaintiff (Par. IV); that the doctor examined plaintiff, had X-rays taken of his left knee and informed him that the X-ray revealed nothing (Par. V); that on September 29, 1958, plaintiff had a second set of X-rays taken which revealed a fracture and several bone fragments (Par. VI); and that he suffered injury as a proximate result thereof (Par. VII).

A demurrer on the ground the complaint failed to state facts sufficient to constitute a cause of action was sustained. Plaintiff amended in the form of Paragraph VIII: "The right diagnosis of injury sustained while an employee for Disney Studio July 22, 1958, when given attention by first aid man, warranted sending plaintiff to hospital and given [sic] proper medical attention immediately. The symptoms consisted of extreme swelling and painful walking and falling on a dislocated knee joint to the hard ground was involved to extend proper medical treatment again warranted hospitalization."

Demurrer sustained, plaintiff amended a second time alleging: "The negligence involved in not giving proper medical attention and hospitalization for injury to plaintiff's knee sustained while working for Disney Studio July 22, 1958, at Janss Ranch resulted in permanent disability to the left leg" (Par. IX).

A third demurrer sustained, plaintiff again amended by alleging in Paragraph X that defendants, though insured by the State Compensation Insurance Fund, are not exempt from giving proper medical attention to injuries sustained by employees while on the job; that "a crushed and shattered knee joint caused by falling after a dislocation of knee while running caused by left heel getting caught in hole or crack in ground, along with injury to right knee and injury to lumbar-sacral [sic] disc, warranted more than knee bandage"; that his injuries still prevail and "gross negligence due to lack of proper medical attention on defendant's part with regard to plaintiff warrants a cause of action in the Superior Court." A demurrer, general and special for ambiguity, uncertainty and unintelligibility, was interposed and sustained without leave to amend.

Appellant's principal argument is that an employee's rem-

edy for the aggravation of an industrial injury is not within the exclusive jurisdiction of the Industrial Accident Commission where the employer "undertakes like a physician to examine, diagnose, treat, and care for the industrial injury and does so negligently" (A.O.B. p. 8).

The pleading and its successive amendments, brief and factually incomplete, we analyze to constitute primarily a suit against plaintiff's insured employer for the negligence of its employee Hall in sending plaintiff, who injured his knee on the job, for treatment to an unqualified doctor who negligently diagnosed the injury and failed to give him the proper medical treatment and hospitalization; however, appellant now relies mainly upon his asserted right to sue his employer where it "undertakes like a physician to examine, diagnose, treat and care for an industrial injury and does so negligently," predicating his claim on Paragraph VIII of the second amended complaint alleging that the "right diagnosis" of his injury "when given attention by first aid man" warranted immediate hospitalization and proper medical care. Thus, plaintiff seeks to hold his insured employer in an independent suit on two theories—for its negligence in sending him to an unqualified doctor who, by his negligent diagnosis and treatment aggravated the injury; and for its negligence, through a first-aid man, for failing to rightly diagnose plaintiff's injury in the process of securing medical aid for him. Although appellant extensively argues the latter in support of his cause and appears to concede that his first position is not warranted, because of the nature of his pleading we propose to discuss both theories of the case, neither of which we find to be sound.

It is not disputed that plaintiff's knee was injured in the course of his employment with Walt Disney Productions; on its face the pleading reveals that the employer was insured by the State Compensation Insurance Fund; and it is conceded that the commission has exclusive jurisdiction over the original industrial injury (Lab. Code, § 3601 [1958]); *Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76 [293 P.2d 18]; *Duprey* v. *Shane*, 39 Cal.2d 781 [249 P.2d 8]; *Popejoy* v. *Hannon*, 37 Cal.2d 159 [231 P.2d 484]; *Baugh* v. *Rogers*, 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043]; *Moise* v. *Owens*, 96 Cal. App.2d 617 [216 P.2d 22].)

The Workmen's Compensation Act provides an exclusive and complete system of compensation for injuries to employees arising out of and in the course of their employ-

ment (*Fitzpatrick* v. *Fidelity & Casualty Co.*, 7 Cal.2d 230 [60 P.2d 276]); neither strictly in tort nor in contract, liability is imposed under the act incident to the status of employment (*Quong Ham Wah Co.* v. *Industrial Acc. Com.*, 184 Cal. 26 [192 P. 1021, 12 A.L.R. 1190]; *Noe* v. *Travelers Ins. Co.*, 172 Cal.App.2d 731 [342 P.2d 976]). By his complaint appellant submits that even though insured, the employer is not exempt from giving an injured employee proper medical treatment, and that the latter should be permitted an independent action where, through the employer's negligence the original compensable injury was aggravated by the carelessness of an unqualified doctor; and specifically argues in his opening brief that the negligent act of the employer's first-aid man in "diagnosing" his symptoms "like a doctor" gives Walt Disney Productions a status separate and apart from that of the employer, transforming it into a "third person" justifying the application of the rule of *Duprey* v. *Shane*, 39 Cal.2d 781 [249 P.2d 8].

For the purpose of further discussion and review of decisional authorities, we shall treat the term "employer" and "carrier" interchangeably. (*Fitzpatrick* v. *Fidelity & Casualty Co.*, 7 Cal.2d 230 [60 P.2d 276]; *Noe* v. *Travelers Ins. Co.*, 172 Cal.App.2d 731 [342 P.2d 976].)

▇ Inasmuch as insurance coverage of the employer and plaintiff's industrial injury, appear on the face of the pleading, it is clear that the superior court is without jurisdiction in the matter (*Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76 [293 P.2d 18]; *Duprey* v. *Shane*, 39 Cal.2d 781 [249 P.2d 8]; *Popejoy* v. *Hannon*, 37 Cal.2d 159 [231 P.2d 484]; *Baugh* v. *Rogers*, 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043]), unless therein plaintiff has alleged facts constituting an exception to the rule that an injured employee must pursue his remedy before the Industrial Accident Commission. (*Butler* v. *Wyman*, 128 Cal.App. 736 [18 P.2d 354].) We find no such exception in the pleading or under the facts, not alleged, but presented by appellant in his brief.

▇ It is the duty of an employer under the act to provide an injured employee with that medical, surgical and hospital treatment which is reasonably required to cure or relieve from the effects of the injury (Lab. Code, § 4600) and to take the initiative in furnishing the same. (*Larson* v. *Holbrook*, 2 I.A.C. 130.) ▇ But there is nothing in the act or the authorities to warrant an action in a court of law against an employer for the latter's negligence in providing

that medical treatment. On the contrary, the act makes the employer liable for expenses incurred by the employee for treatment if the former neglects or refuses seasonably to provide the same (§ 4600), and places exclusive power of enforcement of the obligation in the commission (§ 5304; *Noe* v. *Travelers Ins. Co.*, 172 Cal.App.2d 731 [342 P.2d 976] ; *Pacific Indem. Co.* v. *Industrial Acc. Com.*, 85 Cal.App.2d 490 [193 P.2d 117] ; *Union Iron Works* v. *Industrial Acc. Com.*, 190 Cal. 33 [210 P. 410] ; *Draney* v. *Industrial Acc. Com.*, 95 Cal. App.2d 64 [212 P.2d 49] ; *Pacific Elec. Ry. Co.* v. *Industrial Acc. Com.*, 96 Cal.App.2d 651 [216 P.2d 135]) ; and predicated on the theory that independent suits would ultimately result in a breakdown in the system of compensation for industrial injuries and create unwarranted confusion and increased unnecessary litigation, the rule is that for whatever aggravated or increased disability arises out of any negligence on the part of the employer or carrier in providing medical treatment, the injured employee shall pursue his remedy therefor under the act. In *Noe* v. *Travelers Ins. Co.*, 172 Cal.App.2d 731 [342 P.2d 976], a carrier was sued for aggravated disability caused by a delay in furnishing medical treatment ; rejecting the contention that the carrier's arrogation to itself of the authority to delay an operation on the plaintiff gave it a "third party" status justifying an independent action, the court stated at page 737 : "But, beyond the legalistic objection to appellant's position, we must point out that if delay in medical service attributable to a carrier could give rise to independent third party court actions, the system of workmen's compensation could be subjected to a process of partial disintegration. In the practical operation of the plan, minor delays in getting medical service, such as for a few days or even a few hours, caused by a carrier, could become the bases of independent suits, and these could be many and manifold indeed. The uniform and exclusive application of the law would become honeycombed with independent and conflicting rulings of the courts. The objective of the Legislature and the whole pattern of workmen's compensation could thereby be partially nullified."

So, too, if suit in a court of law could be maintained against an insured employer for its negligence and providing medical treatment, extensive litigation would undoubtedly result from a variety of sources—the employee's dissatisfaction with the doctor chosen, with the diagnosis and treatment given, or with the care or skill the doctor used ; or the em-

ployer's failure to immediately act in obtaining medical aid, or his choice of a doctor for the injury involved, or the manner in which he obtained medical aid, including the facilities, comfort and attention with which he provided the employee pending the arrival of the doctor. Thus for whatever aggravated or increased disability arises out of negligence on the part of the employer in this connection the remedy is exclusively before the commission; were it otherwise, an employer only at great risk to himself could discharge his duty to take the necessary steps to furnish the medical treatment he is required to furnish under the act.

The same principle rejects an independent action against an employer for a doctor's negligence. ''Where recovery is sought by an employee *against his employer or the employer's insurance carrier* for a new or aggravated injury resulting from the negligence of a physician in treating an industrial injury, the Industrial Accident Commission has exclusive jurisdiction to determine the claim. (*Fitzpatrick* v. *Fidelity & Casualty Co. of N. Y.,* 7 Cal.2d 230 [60 P.2d 276]; *Nelson* v. *Associated Indem. Corp.,* 19 Cal.App.2d 564 [66 P.2d 184].)'' (*Smith* v. *Coleman,* 46 Cal.App.2d 507, 513 [116 P.2d 133].) And if valid, an additional award of compensation therefor may be obtained from the commission (*Nelson* v. *Associated Indem. Corp.,* 19 Cal.App.2d 564 [66 P.2d 184]; *Heaton* v. *Kerlan,* 27 Cal.2d 716 [166 P.2d 857]) on the theory that the doctor's malpractice is one of the foreseeable consequences of the original compensable injury. (*Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8]; *Ash* v. *Mortensen,* 24 Cal.2d 654 [150 P.2d 876]; *Dewhirst* v. *Leopold,* 194 Cal. 424 [229 P. 30]; *Blackwell* v. *American Film Co.,* 189 Cal. 689 [209 P. 999]; *Dillard* v. *City of Los Angeles,* 20 Cal.2d 599 [127 P.2d 917]; *Fitzpatrick* v. *Fidelity & Casualty Co.,* 7 Cal. 2d 230 [60 P.2d 276]; *Nelson* v. *Associated Indem. Corp.,* 19 Cal.App.2d 564 [66 P.2d 184].) This rule applies as well to a situation in which an employee is injured by the acts of a doctor done at the request of the carrier or employer. In *Noe* v. *Travelers Ins. Co.,* 172 Cal.App.2d 731 [342 P.2d 976], the appellant raised the issue '' '[I]s an insurance carrier which steps beyond the position of carrier and directs the manner in which the injuries shall be treated . . . a ''third person'' ' within the meaning of Labor Code, section 3852, which preserves the employee's actions for damages against 'any person other than the employer?' . . . Neither the cases nor the underlying legislation really support appellant's af-

firmative answer to this question" (p. 735). The court in *Nelson* v. *Associated Indem. Corp.*, 19 Cal.App.2d 564 [66 P.2d 184], affirmed an order sustaining a general demurrer without leave to amend an action against the carrier for the negligence of the doctors in performing an operation on plaintiff's elbow; he alleged that the carrier refused to continue compensation payments unless he would submit to an operation to alleviate the effects of the original injury. To the same effect is *Roberts* v. *U.S.O. Camp Shows, Inc.*, 91 Cal. App.2d 884 [205 P.2d 1116], wherein plaintiff, employed by defendant as a musician, sued the employer who directed him to submit to inoculations for immunization by doctors chosen by it; plaintiff claimed that in direct consequence thereof he contracted encephalitis. The court said at page 886: "If the employee were entitled to sue for damages in a court of law for every personal injury incurred 'in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer' most of the litigation concerning injuries to employees would be transferred from the jurisdiction of the Industrial Accident Commission to the courts."

Thus, if plaintiff seeks recovery against the employer either for its negligence in sending him to an unqualified doctor for treatment or for the negligence of the doctor in diagnosing and treating his injury, his remedy is solely before the commission. Of course this does not prevent an independent suit at law against the doctor involved for malpractice (*Smith* v. *Golden State Hospital*, 111 Cal.App. 667 [296 P. 127]; *Heaton* v. *Kerlan*, 27 Cal.2d 716 [166 P.2d 857]; *Hazelwerdt* v. *Industrial Indem. Exch.*, 157 Cal.App.2d 759 [321 P.2d 831]); but the "unqualified doctor," unnamed in the instant pleading, is neither joined as a party defendant nor sued therein for his negligence.

Coming now to his main contention that where an employer "undertakes like a physician to examine, diagnose, treat and care for the industrial injury and does so negligently," he may be sued in the superior court under the rule of *Duprey* v. *Shane*, 39 Cal.2d 781 [249 P.2d 8], to support his cause appellant relies upon the allegation that "the right diagnosis" of his injury "when given attention by a first aid man" warranted sending him to a hospital and giving immediate proper medical attention (Par. VIII); and advances the position that like Dr. Shane in the Duprey case, *supra,* 39 Cal.2d 781, Walt Disney Productions, not as his employer but as a "third party," is liable in an independent suit for the

failure of its "first aid man," to give his injury the "right diagnosis" pending treatment by the doctor.

The purpose of the act, to furnish a complete system of workmen's compensation (*Fitzpatrick* v. *Fidelity & Casualty Co.*, 7 Cal.2d 230 [60 P.2d 276]), and the power of the commission, limited to adjusting rights between employer and employee (*Hazelwerdt* v. *Industrial Indem. Exch.*, 157 Cal. App.2d 759 [321 P.2d 831]), precludes the commission's jurisdiction over "a person other than the employer" (Lab. Code, § 3852); thus, if recovery is sought from one outside of the employment relationship the injured party must pursue his remedy in the superior court. This plaintiff did in *Duprey* v. *Shane*, 39 Cal.2d 781 [249 P.2d 8] and an independent suit was allowed against Dr. Shane, also her employer, guilty of negligence in treating her for an injury sustained while working for him as a nurse, even though the commission had awarded her compensation for the original injury. The court held that the negligence of Dr. Shane, acting as her doctor in treating her for the injury, was that of a third party tortfeasor, which gave rise to a cause of action for malpractice in a court of law. The basis of the ruling was the "dual relationship" Dr. Shane had created with plaintiff—of employer-employee in which she worked for him as a nurse, and of doctor-patient in which, after she received the injuries during the course of her employment, she became his patient when he treated her therefor; and in the latter relationship the employer-doctor became a "person other than the employer" under section 3852 (p. 793).

Having asserted in his complaint that the employer was insured and that his injury occurred in the course of his employment, plaintiff has clearly brought his claim within the provisions of the Workmen's Compensation Act for which he must seek relief before the Industrial Accident Commission; and in the absence of further pleaded facts which would negative the application of the act (*Singleton* v. *Bonnesen*, 131 Cal.App.2d 327 [280 P.2d 481]; *Wessell* v. *Barrett*, 62 Cal. App.2d 374 [144 P.2d 656]) and permit suit against the employer under the exception recognized by the court in *Duprey* v. *Shane*, 39 Cal.2d 781 [249 P.2d 8], no independent cause of action for negligence against it will lie. Moreover, it is apparent from his argument that facts do not exist which would ever permit plaintiff to plead his case against the employer outside of the exclusive remedy provisions of section 3601, Labor Code.

It is not so pleaded, but assuming that the "first aid man" was an agent or employee of Walt Disney Productions, had a legal duty toward plaintiff and either did or failed to do some act in that connection, the facts alleged still do not constitute respondent employer a "third party" against whom an independent action would lie. The primary defect in the pleading arises out of the absence therein of any allegation that Walt Disney Productions, through its first-aid man, endeavored to act, or acted toward plaintiff in a capacity separate and apart from that of his employer or outside of the employer-employee relationship giving it the status of a "person other than the employer" under section 3852, Labor Code. (*Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8]; *Noe* v. *Travelers Ins. Co.,* 172 Cal.App.2d 731 [342 P.2d 976]; *Hazelwerdt* v. *Industrial Indem. Exch.,* 157 Cal.App.2d 759 [321 P.2d 831].) The complaint is also silent concerning what if anything the employer did or undertook to do by way of diagnosing plaintiff's injury and what if any legal duty it had toward him outside of furnishing medical care under the act; nothing therein identifies the "first aid man" or his duties or alleges that he undertook to act in the capacity of a doctor or to medically determine the nature of plaintiff's injury, or that he held himself out as a doctor undertaking to act "like a physician" to examine, diagnose or treat. Nor is it alleged that the "first aid man" is a doctor or a person rendering medical services; and it does not appear in the pleading whether he acted in a medical or lay capacity. (*Fitzpatrick* v. *Fidelity & Casualty Co.,* 7 Cal.2d 230 [60 P.2d 276].) With a vagueness that leaves the negligent act complained of and respondent's connection with it to pure speculation, plaintiff alleges that "the right diagnosis" of plaintiff's injury "when given attention by the first aid man" warranted proper treatment and hospitalization. In his argument he attempts to clarify the allegation by explaining that the first-aid man undertook "like a physician" to do certain acts—examine, diagnose and treat (pp. 13, 18), at the same time conceding that he was not a doctor (A.O.B. p. 12). As in *Noe* v. *Travelers Ins. Co.,* 172 Cal.App.2d 731 [342 P.2d 976] ". . . we have no treatment, and no doctor, except the fictionalized one of the insurance company transformed into the spirit, the ghost, of one." But what he seeks to do is to extend the rule of *Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8], to an employer who, solely in the role of employer and in the course of obtaining medical aid for an injured employee under the act, gave him what comfort and attention, purely of a lay

nature, it could, pending the procurement of a doctor. This presents no situation similar to that in the Duprey case, *supra,* 39 Cal.2d 781, wherein defendant very clearly "bore towards his employee two relationships—that of employer and that of a doctor . . ." (p. 793). Certainly it cannot be said that Walt Disney Productions assumed any status other than that of employer merely because it, solicitous of an injured employee's comfort, permitted its first-aid man, acting only in a lay capacity to attend him pending the procurement of medical treatment by a doctor. For whatever negligent act it may have committed while exercising its role of employer in the course of discharging its duty under the act to provide medical treatment for an injured employee, the latter's remedy is exclusively before the Industrial Accident Commission (*Noe* v. *Travelers Ins. Co.,* 172 Cal.App.2d 731 [342 P.2d 976]).

Appellant concedes the factual distinction between his and the Duprey case, *supra,* 39 Cal.2d 781, but rationalizes a, justification for an extension of the rule therein to the circumstances at bar on the ground of "human concern for the welfare of the worker" (A.O.B. p. 19). But it is clear that to here permit the result in *Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8], it is necessary to resort to the theory of dual legal personality in Walt Disney Productions—that of employer, and that of one acting outside of the employment relationship; of what the latter would constitute we cannot say for Walt Disney Productions admittedly was not acting in the capacity of a doctor. Moreover "the law is opposed to the creation of a dual personality, where to do so is unrealistic and purely legalistic" (*Duprey* v. *Shane,* 39 Cal.2d 781, 793 [249 P.2d 8]); and any conclusion that Walt Disney Productions bore towards plaintiff two relationships would be neither in accord with the facts nor at all realistic.

Subsequent attempts to transform an employer or carrier into a "third person" under *Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8] have met with little success, the courts being unwilling by legalistic machinations to make unwarranted inroads into the proper jurisdiction of the commission. In *Hazelwerdt* v. *Industrial Indem. Exch.,* 157 Cal.App.2d 759 [321 P.2d 831], plaintiff argued that the carrier became a "third person" by virtue of his allegation of the conspiracy between it and the doctor to deprive him of care to which he was entitled under a commission award in order to minimize his injury. Rejecting the suit on the theory that the cause

of action is not the conspiracy but the wrong which was redressable exclusively before the commission, the court upheld the order sustaining the general demurrer. Distinguishing the Duprey case, *supra*, 39 Cal.2d 781, the court pointed out that therein ''the court makes it clear that such civil action is permitted against the defendant not because of his position as employer but solely because of his 'entirely separate capacity and relationship to the injured person' '' (p. 765). Again reliance was placed on the Duprey case, *supra*, in *Noe* v. *Travelers Ins. Co.*, 172 Cal.App.2d 731 [342 P.2d 976] but to no avail.

 Appellant seeks further opportunity to amend on the ground that the Workmen's Compensation Act should be liberally construed and ''liberal amendment privileges should be granted to a layman who is acting in propria persona'' (A.O.B. pp. 26-27). The liberal construction appellant urges relates to that ''in favor of jurisdiction in the Commission'' not in the court, and ''it would be egregious error to permit the instant action wherein all conditions for compensation concur to be prosecuted in the superior court.'' (*Moise* v. *Owens*, 96 Cal.App.2d 617, 620 [216 P.2d 22].) His argument that ''liberal amendment privileges'' should be extended to him because he has appeared in propria persona merits little discussion. His situation entitles him to no greater privilege or advantage than that given to one represented by counsel; in electing to represent himself ''he assumes for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken; he is not entitled either to privileges and indulgences not accorded attorneys or to privileges and indulgences not accorded defendants who are represented by counsel. [Citation.]'' (*People* v. *Mattson*, 51 Cal.2d 777, 794 [336 P.2d 937]; *Monastero* v. *Los Angeles Transit Co.*, 131 Cal.App.2d 156 [280 P.2d 187].)

As to whether appellant could amend his pleading to state a cause of action within the court's jurisdiction, it is apparent from his brief in which, we must assume, he presents his facts in their most favorable light, that whatever recovery he might have, is one before the Industrial Accident Commission. They present no circumstances under which an amendment would serve any useful purpose.

 Four times plaintiff attempted to plead his cause in the superior court, before each amendment he was granted

30 days, and points and authorities filed with each demurrer pointed up the main objection, yet at no time did plaintiff overcome the deficiencies in his pleading; the trial court could reasonably conclude that he was unable to do so for want of facts rather than from lack of skill in stating them, and accordingly, it did not abuse its discretion in sustaining the demurrer to the third amended complaint without leave to amend. (*Ruinello* v. *Murray,* 36 Cal.2d 687 [227 P.2d 251]; *Wing* v. *Forest Lawn Cemetery Assn.,* 15 Cal.2d 472 [101 P.2d 1099, 130 A.L.R. 120]; *Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317 [253 P.2d 659]; *Genis* v. *Krasne,* 47 Cal.2d 241 [302 P.2d 289]). Nor does the conclusion of law—that ''gross negligence due to lack of proper medical attention on defendants' part with regard to plaintiff warrants a cause of action in the Superior Court'' (Par. X) tender any issue of fact. (*Oppenheimer* v. *Ashburn,* 173 Cal. App.2d 624 [343 P.2d 931].)

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1961.