[Civ. No. 37557. First Dist., Div. Three. July 12, 1976.]

CARROLL SHOOK, Plaintiff and Appellant, v.
RUDY JACUZZI et al., Defendants and Respondents.

CARL O. LUNDGREN, Plaintiff and Appellant, v.
RUDY JACUZZI, Defendants and Respondents.

COUNSEL

Smith & Burstein and Jack B. Burstein for Plaintiffs and Appellants.

Capps, Bishop, Marraccini & Ducey and Ralph G. Capps for Defendants and Respondents.

OPINION

**DRAPER, P. J.**—This appeal represents but one more unsuccessful effort to evade the clear statutory provisions which make workers' compensation procedures the sole remedy of an employee against his employer in industrial injury cases.

Both plaintiffs were employed by defendant International Manufacturing Company, whose president, Jacuzzi, is joined as a defendant. Each complaint alleges that plaintiff, acting in the course and scope of his employment, was injured while operating a machine used by International in its manufacture of automobile wheels. Each claimed and

recovered compensation through the Workers' Compensation Appeals Board. Each alleges that the machine was defectively designed and manufactured by International, Jacuzzi, and a third party, defendant Harmsworth, who is not a party to this appeal. It is not disputed that International's part in the design and manufacture was solely for the purpose of its own use in its own manufacturing process, and that it never set up a separate unit for that purpose, nor sold any such machine. Summary judgment was granted to defendants International and Jacuzzi. Plaintiffs appeal.

■ It is undisputed that the "conditions of compensation" (Lab. Code, §§ 3600, 3601) concurred at the time of the employees' injuries insofar as International's wheel manufacturing business is concerned. In such a case, liability for workers' compensation exists "in lieu of any other liability whatsoever to any person" (§ 3600), and "the right to recover such compensation . . . is . . . the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment," with exceptions not applicable here (§ 3601).

■ Appellants, however, argue that International acted in a "dual capacity" and that as designer-manufacturer of the device it is separately liable (*Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8]). That case, however, is readily distinguishable. Ms. Duprey, a nurse employed by Dr. Shane, a chiropractor, was injured in the course of her employment. Dr. Shane, individually and through another chiropractor in his employ, thereafter undertook to treat her for that injury. The treatment was negligent, and she was allowed to recover for those distinct injuries in a malpractice action. In undertaking to treat the injured nurse, Dr. Shane assumed a role distinct in both time and nature from that of employer. Attempts to extend the rule of *Duprey* have been repeatedly rejected (e.g., *Hazelwerdt* v. *Industrial Indem. Exchange,* 157 Cal.App.2d 759 [321 P.2d 831]; *Deauville* v. *Hall,* 188 Cal.App.2d 535 [10 Cal.Rptr. 511]; *Dixon* v. *Ford Motor Co.,* 53 Cal.App.3d 499 [125 Cal.Rptr. 872]; *Williams* v. *State Compensation Ins. Fund,* 50 Cal.App.3d 116, 120-121 [123 Cal.Rptr. 812]).

In another approach, appellants point to the provision of section 3600 that liability for compensation shall exist "without regard to negligence," and to condition (c) of the conditions of employment (§ 3600) providing for recovery "where the injury is proximately caused by the employment,

either with or without negligence." They argue that these emphases on "negligence" show that the compensation act is intended only to supersede actions against the employer for negligence. Their action, they insist, is not based upon negligence, but on the strict liability of their employer for faulty design and manufacture of equipment which caused the injuries. This narrow and inverted view completely overlooks the express provision that liability for compensation shall be "in lieu of any other liability whatsoever" by the employer (§ 3600) and that workers' compensation shall be "the exclusive remedy for injury or death of an employee against the employer" or a fellow employee (§ 3601). We note, too, that the Constitution (art. XX, § 21) authorizing the compensation act describes liability "irrespective of the fault of any party." Appellants attempt to limit the application of this constitutional provision by quoting out of context a decision dealing with a different subject. (*Mathews* v. *Workmen's Compensation Appeals Board,* 6 Cal.3d 719, 728 [100 Cal.Rptr. 301, 493 P.2d 1165].) But that decision holds only that the compensation statute may deal with intentional infliction of injury. Moreover, the argument overlooks its corollary. If the injury here were not within the "conditions of compensation," workers in comparable situations would be deprived of the beneficial features of the compensation act.

We note, also, that products liability rules do not apply in the circumstances here shown. International created the machine exclusively for its own use in its own plant and premises. It did not sell the machine or in any way place it in the stream of commerce. Rather, it was but an occasional or casual manufacturer, and thus not subject to strict liability (see Rest.2d Torts, § 402-A, com. f; 4 Witkin, Summary of Cal. Law, pp. 3126-3127). Its design and construction of this machine was but auxiliary to its principal manufacturing operation. As such, it does not subject International to products liability to its employees (*Williams* v. *State Compensation Ins. Fund,* 50 Cal.App.3d 116, 120-121 [123 Cal.Rptr. 812]). The rule sought by appellants would logically extend to every repair, replacement, or slight modification by an employer of a production machine purchased by him, including mere placement of such a machine in relation to other equipment. Such an extension of the narrow rule of *Duprey* is unwarranted.

Thus, neither prong of appellants' argument is supportable. Products liability is not applicable to the employer under the facts here shown. Even if such liability existed, its separate assertion is barred by appellants' resort to and recovery under the Workers' Compensation Act.

There is no merit in appellants' argument that there is an inconsistency in granting summary judgment as to respondents and denying it as to Harmsworth, who allegedly participated in design and manufacture of the machine. Harmsworth has not appealed, and appellants are not aggrieved by the denial as to him. It is true that joint tortfeasors are both liable. The liability of the employer, however, is solely under the compensation act and that of Harmsworth is not. Hence, the employer cannot be joined in this action (see *Gilford* v. *State Compensation Ins. Fund,* 41 Cal.App.3d 828 [116 Cal.Rptr. 615]). No issue as to employer's recoupment of compensation payments (*Witt* v. *Jackson,* 57 Cal.2d 57 [17 Cal.Rptr. 369, 366 P.2d 641]) can be affected by the judgment here.

Judgment affirmed.

Scott, J., and Emerson, J.,* concurred.

A petition for a rehearing was denied August 11, 1976, and appellants' petition for a hearing by the Supreme Court was denied September 8, 1976.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.