[Civ. No. 17187. Third Dist. Sept. 14, 1978.]

LUCINDA NATION, Plaintiff and Appellant, v.
CERTAINTEED CORPORATION et al.,
Defendants and Respondents.

---

**COUNSEL**

Robin W. Allen for Plaintiff and Appellant.

Rust & Armenis and David I. Brown for Defendants and Respondents.

---

**OPINION**

**EVANS, J.**—Plaintiff appeals from the judgment dismissing her second amended complaint after the court sustained the demurrer of her employer, Certainteed Corporation (Certainteed) and its compensation carrier, Travelers Insurance (Travelers)[1] without leave to amend.

In yet another variation on an old theme, plaintiff attempts to hold her employer and its insurance carrier responsible in general tort damages for the asserted aggravation of her industrial injuries by John George, M.D., the treating physician. She contends that unless the proceeding against them is permitted, she will be without a remedy for the doctor's negligence. The California authorities on the subject compel rejection of her contention.

On October 1, 1975, plaintiff incurred a work-related injury. Two days later, Certainteed referred her to Dr. George for treatment as required by the workers' compensation law (Lab. Code, § 3850 et seq.); his name had been selected from a list maintained by Travelers for referral purposes. After several months of treatment by Dr. George plaintiff became dissatisfied, and on March 16, 1976, secured the services of another physician; she thereafter served Dr. George with a notice of intention to sue for professional negligence, pursuant to Code of Civil Procedure

---

[1]Defendant, John George, M.D., was not a participant in the demurrers and the resulting judgment of dismissal. Plaintiff's action against him was not affected, and he is not a party to this appeal.

section 364. Plaintiff thereafter filed the present action against Dr. George, Certainteed, and Travelers, and attempted 'to assert liability against defendants by alleging (1) failure of Certainteed and Travelers to ascertain the professional competency of Dr. George; (2) failure of Certainteed and Travelers to determine whether Dr. George had medical malpractice insurance; and (3) that Certainteed and Travelers should have known that Dr. George was incompetent. After plaintiff filed her second amended complaint, Certainteed and Travelers demurred specially, alleging ambiguity, and generally, for failure to state a cause of action. Their contention that plaintiff's exclusive remedy was in workers' compensation proceedings was upheld and the general demurrer was sustained without leave to amend.

Plaintiff's contention is that an employee's remedy for aggravation of an industrial injury is not confined to a workers' compensation proceeding when the employer and its compensation carrier refer the worker to a physician who treats the worker negligently.

■ It is a maxim of California labor law that jurisdiction to adjudicate the claims of employees injured during the course of and arising out of the employment relation is vested exclusively with the Workers' Compensation Appeals Board, in order to avoid independent suits by employees that would "ultimately result in a breakdown in the system of compensation . . . ." (*Deauville* v. *Hall* (1961) 188 Cal.App.2d 535, 541 [10 Cal.Rptr. 511]; *Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 624 [102 Cal.Rptr. 815, 498 P.2d 1063]; *Duprey* v. *Shane* (1952) 39 Cal.2d 781, 790 [249 P.2d 8]; *Fitzpatrick* v. *Fidelity & Casualty Co.* (1936) 7 Cal.2d 230, 232 [60 P.2d 276]; *Noe* v. *Travelers Ins. Co.* (1959) 172 Cal.App.2d 731, 734 [342 P.2d 976]; *Hazelwerdt* v. *Industrial Indem. Exchange* (1958) 157 Cal.App.2d 759, 762 [321 P.2d 831]; Lab. Code, § 3601.) ■ However, it is also true that in addition to a workers' compensation proceeding, an employee injured in an industrial accident may institute and pursue a civil suit at common law against a treating doctor for aggravation of the injury through negligent treatment. (*Duprey* v. *Shane, supra,* 39 Cal.2d at p. 793; *Baugh* v. *Rogers* (1944) 24 Cal.2d 200, 214 [148 P.2d 633, 152 A.L.R. 1043]; *Deauville* v. *Hall, supra,* 188 Cal.App.2d at p. 544; *Butler* v. *Wyman* (1933) 128 Cal.App. 736, 739 [18 P.2d 354]; Lab. Code, § 3852.)

The complaint alleges that plaintiff was injured during the course of her employment and was subsequently referred by her employer to a physician who treated her in a negligent manner. ■ ▪ With respect to

the employer, aggravation of the original industrial injury by medical treatment has been held to be a foreseeable consequence of the original compensable injury, compensable within the workers' compensation proceeding and *not* the proper subject of an independent common law damage proceeding against the employer. (*Fitzpatrick* v. *Fidelity & Casualty Co., supra,* 7 Cal.2d at p. 232; *Deauville* v. *Hall, supra,* 188 Cal.App.2d at p. 542; *Hazelwerdt* v. *Industrial Indem. Exchange, supra,* 157 Cal.App.2d at p. 762.)

Plaintiff seems to suggest that unless she is permitted to pursue the civil action against all named defendants, she is without remedy for the doctor's negligence. The contrary is true.

" '[I]t is clear that, where an employee is injured in an industrial accident, and this original injury is aggravated by the negligence of the attending physician, and the employee seeks recovery for the original injury and for the aggravation from his employer or from his insurance carrier, the Industrial Accident Commission has exclusive jurisdiction to determine this claim against the employer . . . . [¶] It seems equally clear that, when an employee is injured in an industrial accident, and the attending physician retained by the insurance carrier is negligent and causes a new injury, *the employee may not only sue the employer [or the carrier] before the commission, but may also sue the doctor for malpractice. The commission has no jurisdiction of that action against the doctor. . . .* ' " (Italics added.) (*Duprey* v. *Shane, supra,* 39 Cal.2d at p. 790.) In this instance plaintiff has available separate remedies against each of the participants in the unfortunate medical injury drama.

■ Plaintiff attempts to distinguish her cause of action from the cited adverse authorities by framing her cause of action in terms of the duty owed her by her employer and the breach of that duty by defendants' failure to ascertain whether Dr. George carried medical malpractice insurance. There is no such duty, any more than there is a duty to pass judgment on the competency of licensed physicians in the absence of actual knowledge thereof. Neither sufficient facts nor any compelling reasons appear in the present record to distinguish this case from the substantial precedents limiting an employee's recourse against his employer for injuries sustained within the employment relation and aggravated by subsequent treatment, to those remedies available through the workers' compensation system.

The presence or absence of malpractice insurance is not determinative of the existence of a remedy against the doctor. It poses a potential problem of collection only should she succeed in her separate malpractice proceeding.

As the present controversy involves issues exclusively within the jurisdiction of the Workers' Compensation Appeals Board, which are not subject to cognizance by a court of law, the demurrers were properly sustained. (See *Deauville* v. *Hall, supra,* 188 Cal.App.2d at pp. 547-548.)

The judgment is affirmed.

Paras, Acting P. J., concurred.