Filed 3/3/22  Marriage of Weggeland CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| In re the Marriage of JOSEPH PATRICK and DIANE ROSEMARIE WEGGELAND. | C091105 |
| JOSEPH PATRICK WEGGELAND, | (Super. Ct. No. 176789) |
| Respondent, | |
| v. | |
| DIANE ROSEMARIE WEGGELAND, | |
| Appellant. | |

Diane Rosemarie Weggeland appeals from a postjudgment order modifying a 2015 judgment that required her former husband, respondent Joseph Patrick Weggeland, to pay her spousal support.  We affirm.

1

BACKGROUND

A December 2015 judgment of dissolution ended a seven-year marriage between the parties and required respondent to pay spousal support to appellant in the amount of $1,500 per month "until . . . further order of the court." In a March 2019 filing, respondent asked the trial court to modify his spousal support to appellant.

After hearing testimony in July 2019, and considering documentary evidence provided by the parties, the trial court granted respondent's request to modify spousal support, and ordered him "to pay [appellant] the sum of $500 a month . . . for 12 consecutive months," followed by payments of $300 a month "for a period of 6 months," with "[s]upport thereafter terminat[ing]."

Explaining its ruling in an eight-page decision that included analysis of criteria set forth in Family Code section 4320,[1] the trial court found "a change in circumstances exist[ed]" that justified the modification.

Appellant timely appealed.

DISCUSSION

Appellant is proceeding in pro. per. Her pleadings and papers should thus be liberally construed in order to assure she receives a hearing on the merits. (See *People v. Reyes* (1969) 273 Cal.App.2d 769, 770; *People v. Mitchell* (1962) 209 Cal.App.2d 312, 315.) A party proceeding in pro. per., however, is entitled "to no greater privilege or advantage than that given to one represented by counsel." (*Deauville v. Hall* (1961)

---

[1] Which provides that, in ordering spousal support, the trial court "shall consider all of the following circumstances," among which are: the "extent to which the earning capacity of each party is sufficient to maintain the standard of living established during the marriage"; the "ability of the supporting party to pay spousal support"; the "obligations and assets, including the separate property, of each party"; the "balance of the hardships to each party"; the "goal that the supported party shall be self-supporting within a reasonable period of time"; and "[a]ny other factors the court determines are just and equitable." (Fam. Code, § 4320, subds. (a), (c), (e), (k), (l), (n).)

188 Cal.App.2d 535, 547.) "[I]n electing to represent '[her]self [s]he assumes for all purposes connected with [her] case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role [s]he has undertaken; [s]he is not entitled either to privileges and indulgences not accorded attorneys or to privileges and indulgences not accorded defendants who are represented by counsel.' " (*Ibid*.) Thus, although the court will liberally construe appellant's pleadings and papers, it cannot excuse a failure of pleading or argument.

Appellant's opening brief is difficult to follow. Her statement of facts omits any citation to the record in contravention of California Rules of Court, rule 8.204(a)(2)(C), which requires "a summary of the significant facts limited to matters in the record." (*Silva v. See's Candy Shops, Inc*. (2016) 7 Cal.App.5th 235, 260.)

Additionally, the various contentions are not presented under separate heading, or supported by authority. (See Cal. Rules of Court, rule 8.204(a)(1)(B) [briefs must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority"].)

Therefore, appellant's contentions are forfeited as improperly presented. (See *Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201 [failure to comply with rule requiring each argument be presented under a separate heading forfeits the arguments]; *County of Butte v. Emergency Medical Services Authority* (2010) 187 Cal.App.4th 1175, 1196, fn. 7 [contention not supported by citation to legal authority is forfeited as improperly presented]; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 800-801 [failure to include citations to appellate record in brief may result in forfeiture of claim].)

Even if, in the interests of justice, we were inclined to attempt to resolve appellant's arguments on the merits, we are faced with another hurdle: the absence of a reporter's transcript, agreed statement, or settled statement of the hearings in this matter,

3

making this a "judgment roll appeal." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.)

When an appeal is on the judgment roll, we must conclusively presume evidence was presented that is sufficient to support the trial court's findings. (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.) Our review is limited to determining whether any error "appears on the face of the record." (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521.) "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455.)

The discernible points in appellant's statement of facts read more like argument and essentially fall into two categories: (1) the facts do not support the trial judge's decision and (2) the trial judge miscalculated respondent's income. Yet, as mentioned, appellant's references to the record are scarce and do little to support these contentions.

Appellant alleges: "The judge, Hon. Jody Burgess made a large miscalculation of the respondent's income, by a minimum of $1226.00. $2226.00 error when adding back the medical insurance premium deducted twice." Yet, she never explains or analyzes how the judge made such miscalculation other than to state in the argument section of her opening brief: "Income reduced for the Respondent. This is a factual error, miscalculation on part of the judge."

Appellant alleges: "The material facts of this case do not support the judge's decision." Again, she does not discuss or analyze this.

A review of the trial court's written ruling demonstrates an ample basis for the trial court to determine that there had been a change in circumstance: "Based on the Court finding that Mr. Weggeland's income has decreased, his medical expenses increased, the length of time Ms. Weggeland has received support, and that she is receiving rental income at sufficient amounts to pay . . . debts . . . a change in circumstances exists."

4

Having found a change in circumstances, the trial court then went on to analyze the factors in Family Code section 4320, which were also contained in the trial court's written ruling. Thus, this Court cannot find that any error appears on the face of the record, nor conclude the trial court abused its discretion in modifying the spousal support award. (*In re Marriage of Shaughnessy* (2006) 139 Cal.App.4th 1225, 1235 [standard of review]; *ibid.* [when exercising discretion whether to modify a spousal support order, the trial court should consider the same criteria set forth in Fam. Code, § 4320 as it considered when making the initial order]; *id.* at p. 1238 ["changed expectations pertaining to the ability of a supported spouse to become self-supporting may constitute a change of circumstances warranting a modification of spousal support"].)

In sum, appellant's contentions are forfeited, but were they preserved, they would lack merit.

## DISPOSITION

The order is affirmed.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
MAURO, Acting P. J.

_____/s/_____
RENNER, J.

5