Filed 7/1/22 I.M. v. C.F. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| I.M., | C091726 |
| Plaintiff and Respondent, | (Super. Ct. No. 20DV00421) |
| v. | |
| C.F., | |
| Defendant and Appellant. | |

Appellant C.F. purports to appeal two trial court orders in this case. In the first, the court granted respondent I.M.'s request for a domestic violence restraining order against appellant in March 2020. In the second, the court allegedly denied appellant's own request for a restraining order against I.M. in January 2020, though nothing evidencing this order exists in the record. Representing himself on appeal, appellant contends the trial court proceedings for both these matters were flawed. We shall affirm.

**DISCUSSION**

Starting with the alleged January 2020 order, appellant cites nothing in the record, in fact, he hasn't supplied any record concerning this order. As best we can tell based on

1

the parties' briefing, the trial court issued this order in a distinct case that was never appealed and is thus not properly before us.[1] (See *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 ["the timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction"].) Thus, we do not address it.

Turning to the March 2020 order, the only order he appears to have appealed, appellant argues that he had physical evidence to present to the court at the hearing on the restraining order, yet the court refused to look at it. In a two-sentence argument with no citations to the record, he states: "The evidence currently and that was supposed to had been reviewed back in January & [M]arch 202[0] will refute and raise concerns why wasn't it looked at and accepted. I was denied any chance to submit any evidence."

Appellant is proceeding in pro. per. His pleadings and papers should thus be liberally construed in order to assure he receives a hearing on the merits. (See *People v. Reyes* (1969) 273 Cal.App.2d 769, 770; *People v. Mitchell* (1962) 209 Cal.App.2d 312, 315.) A party proceeding in pro. per., however, is entitled "to no greater privilege or advantage than that given to one represented by counsel." (*Deauville v. Hall* (1961) 188 Cal.App.2d 535, 547.) "[I]in electing to represent himself 'he assumes for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken; he is not entitled either to privileges and indulgences not accorded attorneys or to privileges and indulgences not accorded defendants who are represented by counsel.' " (*Ibid.*) Thus, although the court will liberally construe a petitioner's pleadings and papers, it cannot excuse a failure of pleading or argument.

---

[1] Appellant's notice of appeal in this case was filed on March 6, 2020, and indicates that he is appealing from an order entered on March 4, 2020. This case was fully briefed and assigned to this panel on April 25, 2022.

California Rules of Court, rule 8.204, requires that any reference to a matter in the record must be supported by a citation to the volume and page number of the record where the matter appears. (California Rules of Court, rule 8.204.) Here appellant has not pointed to any portion of the record which would support his argument. " 'An appellate court is not required to search the record to determine whether or not [it] supports appellants' claim of error.' " (*Byars v. SCME Mortgage Bankers, Inc.* (2003) 109 Cal.App.4th 1134,1140, citing *Green v. City of Los Angeles* (1974) 40 Cal.App.3d 819, 835.) Having failed to support his argument with any reference to the record, we deem the challenge to it waived. (See *People v. Smith* (2015) 61 Cal.4th 18, 48; *Cristler v. Express Messenger Systems, Inc.* (2009) 171 Cal.App.4th 72, 89-90.)

As our Supreme Court has explained, "it is a fundamental principle of appellate procedure that a trial court [order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the [order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Appellant has not met this burden. As the appellant, it is his burden to point to those portions of the record which support his position, having failed to do so we find no reason to question the trial court's order.

## DISPOSITION

The order is affirmed.  Respondent is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

      /s/              
EARL, J.

We concur:

      /s/          
ROBIE, Acting P. J.

      /s/          
MAURO, J.