[Civ. No. 34428. Second Dist., Div. Five. June 4, 1970.]

JAMES L. WICKHAM, Plaintiff and Appellant, v.
NORTH AMERICAN ROCKWELL CORP. et al.,
Defendants and Respondents.

**COUNSEL**

Crandall & Whitesell, Charles E. Whitesell, Lynn D. Crandall and James R. Biram for Plaintiff and Appellant.

Richard P. Nahrwold for Defendants and Respondents.

**OPINION**

**STEPHENS, Acting P. J.**—Plaintiff appeals from a judgment of dismissal, entered pursuant to Code of Civil Procedure section 581, subdivision 3 after defendants' general demurrer to his first amended complaint was sustained without leave to amend.

In his first amended complaint, plaintiff alleged the following facts: From June 1958 to June 14, 1968, plaintiff was employed by defendant North American Rockwell Corporation (hereinafter, North American) as a milling machine operator, working with and around metals which were dangerous to his health, particularly his respiratory system. Due to the dangerous character of this employment, defendant North American employed a staff of physicians to examine, diagnose, and treat ailments of its employees, and this medical care included an annual chest X-ray of the plaintiff. Defendant T. G. Taylor is a medical doctor employed by defendant North American on this staff of physicians, and at all times relevant to this action, defendant Taylor was the agent, servant, and employee of defendant North American, and was acting within the course and scope of this agency. By providing this medical staff, defendant North American assumed a duty to provide physicians of reasonable skill and competence to carry out these medical functions. Defendant North American failed to discharge this responsibility, in that its employee, defendant

Taylor, negligently took and analyzed X-rays of plaintiff's lungs, and thereby failed to diagnose a progressive inflammatory infiltrate of the right apex and a progression of active tuberculosis of the right upper lobe. In failing to diagnose this condition, defendant Taylor neglected to exercise that degree of skill and care ordinarily employed by medical practitioners in the community, and thus foreclosed plaintiff from obtaining early and correct treatment of this condition. As a direct and proximate result of defendant Taylor's negligent diagnosis and defendant North American's failure to provide competent medical care, plaintiff has sustained injuries and damages in excess of $100,000.

In his complaint, plaintiff also stated that he had filed an Application for Adjudication of Claim with the Workmen's Compensation Appeals Board, seeking compensation for this injury. Defendant North American answered this application by acknowleding its employment relationship with plaintiff, but denying any causal connection between this employment and plaintiff's injury.

Defendants argue that if plaintiff is entitled to any relief at all for his injury, his remedy is within the exclusive jurisdiction of the Workmen's Compensation Act. Labor Code section 3600 provides that an employee is entitled to compensation under the workmen's compensation law "(a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. (b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment. (c) Where the injury is proximately caused by the employment, either with or without negligence. . . ." Labor Code section 3601, subdivision (a) provides that when an employee is entitled to relief under the Workmen's Compensation Act, that relief shall be his exclusive remedy.

Plaintiff relies upon the case of *Duprey* v. *Shane*, 39 Cal.2d 781 [249 P.2d 8] to support his contention that he is entitled to bring a tort action for malpractice against defendants. In *Duprey*, the plaintiff was employed by the defendant doctor. She was injured on the job, and the doctor aggravated her injury by negligent treatment. The court held that when the employer-doctor elected to give her medical treatment, he took on a "dual legal personality," and as a doctor was just as liable in a court of law as any other doctor who might undertake to treat a patient. When he treated her, he was not acting in the capacity of employer, but in another and entirely separate capacity and relation vis-a-vis the injured plaintiff. He was a "person other than the employer" within the meaning of Labor Code section 3852. The plaintiff there was entitled to recover against him in tort, under the rule that an employee who suffers new or

aggravated injury due to the negligence of physicians who undertake to treat the employee's industrial injury may recover against the physicians in an ordinary civil action for malpractice. (*Smith* v. *Coleman,* 46 Cal.App.2d 507, 513 [116 P.2d 133]; *Smith* v. *Golden State Hospital,* 111 Cal.App. 667 [296 P. 127].)

Defendants, on the other hand, rely on a series of cases which hold that where an employee seeks recovery against his employer or the employer's insurance carrier for a new or aggravated injury resulting from the negligence of a physician in treating an industrial injury, the Industrial Accident Commission has exclusive jurisdiction to determine the claim. (See *Fitzpatrick* v. *Fidelity & Cas. Co. of New York,* 7 Cal.2d 230 [60 P.2d 276]; *Deauville* v. *Hall,* 188 Cal.App.2d 535 [10 Cal.Rptr. 511]; *Noe* v. *Travelers Ins. Co.,* 172 Cal.App.2d 731 [342 P.2d 976]; *Hazelwerdt* v. *Industrial Indem. Exchange,* 157 Cal.App.2d 759 [321 P.2d 831]; *Smith* v. *Coleman, supra,* 46 Cal.App.2d 507; *Nelson* v. *Associated Indem. Corp.,* 19 Cal.App.2d 564 [66 P.2d 184]; *Sarber* v. *Aetna Life Ins. Co.,* 23 F.2d 434.)[1]

Plaintiff has not directly alleged that the failure to diagnose the inflammation of his lungs aggravated an industrially caused injury. He simply alleges that defendants undertook to provide him with preventive medical treatment and negligently failed to detect an inflammation of his lungs. We therefore do not have the simple case of negligent medical treatment rendered to an employee who has suffered a known industrial injury, as in the authorities cited *supra.* We must decide whether an aggravation of an injury suffered by reason of a faulty medical diagnosis which was voluntar-

---

[1]In *Deauville,* the court stated (at pp. 540-541): "It is the duty of an employer under the act to provide an injured employee with that medical, surgical and hospital treatment which is reasonably required to cure or relieve from the effects of the injury (Lab. Code, § 4600) and to take the initiative in furnishing the same. (*Larson* v. *Holbrook,* 2 I.A.C. 130.) But there is nothing in the act or the authorities to warrant an action in a court of law against an employer for the latter's negligence in providing that medical treatment. On the contrary, the act makes the employer liable for expenses incurred by the employee for treatment if the former neglects or refuses seasonably to provide the same (§ 4600), and then places exclusive power of enforcement of the obligation in the commission (§ 5304; *Noe* v. *Travelers Ins. Co.,* 172 Cal.App.2d 731 [342 P.2d 976]; *Pacific Indem. Co.* v. *Industrial Acc. Com.,* 85 Cal.App.2d 490 [193 P.2d 117]; *Union Iron Works* v. *Industrial Acc. Com.,* 190 Cal. 33 [210 P. 410]; *Draney* v. *Industrial Acc. Com.,* 95 Cal.App.2d 64 [212 P.2d 49]; *Pacific Elec. Ry. Co.* v. *Industrial Acc. Com.,* 96 Cal.App.2d 651 [216 P.2d 135]); and predicated on the theory that independent suits would ultimately result in a breakdown in the system of compensation for industrial injuries and create unwarranted confusion and increased unnecessary litigation, the rule is that for whatever aggravated or increased disability arises out of any negligence on the part of the employer or carrier in providing medical treatment, the injured employee shall pursue his remedy therefor under the act."

ily provided by an employer because of the serious health hazards inherent in the employee's work is compensable under Labor Code section 3600.

The courts have liberally construed section 3600 in favor of injured employees. Although the statute expressly requires that the employee must be performing services growing out of and incidental to his employment at the time of his injury, the case law now appears settled that the injured employee need not be rendering services to his employer at the time of injury. (*Heaton* v. *Kerlan*, 27 Cal.2d 716 [166 P.2d 857].) In *Wiseman* v. *Industrial Acc. Com.*, 46 Cal.2d 570 [297 P.2d 649], the decedent, a bank official who was traveling on company business, was burned to death in a hotel room which he was sharing with a woman not his wife but registered as such, and the evidence indicated that they had been drinking and the fire was presumably the result of careless smoking. Although decedent was engaged in "an alcoholic and adulterous debauch" and a "frolic of his own" (see dissenting opinion of Justice Spence), the court held that his death arose out of his employment. Similarly, in *State Employees' Retirement System* v. *Industrial Acc. Com.*, 97 Cal.App.2d 380 [217 P.2d 992], a game warden's death was found to have arisen from his employment when he died of monoxide poisoning while lying semi-nude in a car bed with a woman not his wife, at a time when he was ostensibly watching for violators of the game laws. Clearly, the submission to the medical checkup in the instant case was of greater benefit to the employer than were the activities in *State Employees' Retirement System* or *Wiseman*.

Acts by an employee which are necessary for his life, comfort, and convenience while at work, although strictly personal to himself, are incidental to his services, and injuries which are sustained in the performance of such acts are held to arise out of and in the course of employment. The courts have been careful to note that the term "course of employment" is of much broader application than the term "scope of employment," and the former is not limited to situations where the employer would be liable for the employee's acts under the doctrine of *respondeat superior*, but includes situations in which the employee is simply enjoying an incident of the employment provided for his own benefit. (See *Saala* v. *McFarland*, 63 Cal.2d 124 [45 Cal.Rptr. 144, 403 P.2d 400].) Thus, in *State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd. (Cardoza)*, 67 Cal.2d 925 [64 Cal. Rptr. 323, 434 P.2d 619], an employee injured while swimming in a canal adjoining the employer's premises during an authorized work break was performing an act incidental to and within the course of his employment because it was a practice tolerated by the employer, and it tended to increase the efficiency of employees. The swimming was impliedly contemplated by the work and was considered to be for the mutual benefit and

convenience of the employer and employee. (See also *Reinert* v. *Industrial Acc. Com.,* 46 Cal.2d 349 [294 P.2d 713].)

While Labor Code section 3600 requires that an injury be "proximately caused" by the employment, this term has received a much broader construction in workmen's compensation law than it has in tort law. All that is required is that the employment be one of the contributing causes without which the injury would not have occurred. (*Madin* v. *Industrial Acc. Com.,* 46 Cal.2d 90 [292 P.2d 892].) Warren L. Hanna observes: "Thus our courts, in the name of liberal interpretation and the modern trend, have evinced a willingness, in fact, a determination, to accept almost any incidental, indirect, or merely contributing relationship or connection as a substitute for the 'proximate cause' required by the compensation law." (2 Hanna, California Law of Employee Injuries and Workmen's Compensation (2d Ed. 1969), § 8.03.)

The foregoing principles require us to sustain the judgment in the instant case. Plaintiff's employment posed an inherent health hazard, and his employer provided annual medical examinations, including a chest X-ray. These examinations were impliedly contemplated by the work, and were for the mutual benefit and convenience of both employer and employee. The case most directly in point is *Roberts* v. *U.S.O. Camp Shows, Inc.,* 91 Cal.App.2d 884 [205 P.2d 1116], where the plaintiff was directed by his employer to submit to inoculations for immunization by physicians designated and paid by the employer. As a direct consequence of these inoculations, the plaintiff contacted encephalitis. The court held that incapacity caused by illness from inoculation could properly be found to have arisen out of the employment where such treatment was submitted to pursuant to the direction or for the benefit of the employer.

As previously stated, plaintiff, in his first amended complaint, has not directly alleged how his lungs became inflamed in the first instance. Nevertheless, in his Application for Adjudication of Claim filed with the Workmen's Compensation Appeals Board, which was attached to his complaint as Exhibit A and incorporated therein by reference, he alleged that the original injury to his lungs was caused by his work. If the original inflammation to his lungs was caused by his employment, the case becomes similar to that of an employee whose prior industrial injury is aggravated by medical treatment provided by his employer. (See cases cited *supra.*) Although the treatment in the instant case was preventive and diagnostic, as opposed to curative, the same rationale would seem to apply. However, in view of our conclusion that in the instant circumstances aggravation of a preexisting illness which is the result of negligent diagnostic treatment voluntarily pro-

vided by an employer is compensable under section 3600 regardless of the cause of the preexisting illness, we need not decide whether aggravation of an industrial injury through faulty diagnosis creates different legal liabilities than does the aggravation of an industrial injury through negligent treatment.

We find that plaintiff's reliance upon the case of *Duprey* v. *Shane, supra,* 39 Cal.2d 781 is misplaced. As the court in *Deauville* v. *Hall, supra,* 188 Cal.App.2d 535 stated (at p. 546): "Subsequent attempts to transform an employer or carrier into a 'third person' under *Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8] have met with little success, the courts being unwilling by legalistic machinations to make unwarranted inroads into the proper jurisdiction of the commission." Unlike the situation in *Duprey,* the plaintiff in the instant case has specifically alleged that at all times relevant to the action, defendant Taylor was acting within the scope of his employment. Since the *Duprey* decision, Labor Code section 3601 has been amended to provide that when the conditions for compensation exist, an employee who injures a fellow employee while acting in the scope of his employment shall not be liable unless he was acting wilfully or recklessly, or was intoxicated. The injured employee's only recourse is through the system of workmen's compensation. There is no allegation that defendant Taylor acted wilfully or recklessly, or was intoxicated. We cannot say, as the court did in *Duprey,* that when defendant Taylor examined plaintiff he did so in some capacity and relationship other than that which he ordinarily enjoyed, namely, that of a fellow employee.

Plaintiff seems to contend that defendants should not be allowed to argue in the instant action that the aggravation of his injury arose from his employment, and at the same time argue before the Workmen's Compensation Appeals Board that the basic injury was not work related. He contends that if defendants are successful in both this action and the proceeding before the Workmen's Compensation Appeals Board, he will have been damaged and would have no forum for relief. He argues that this result will occur because by the time the Workmen's Compensation Appeals Board determines that his injuries were not industrially caused, the statute of limitations will have run on any tort action. However, it does not seem inconsistent to us for defendants to argue in the instant case that if there is an aggravation of an existent injury, as plaintiff alleges, then his only recourse as a matter of law is to the Workmen's Compensation

Appeals Board, and also argue before the Board that what plaintiff alleges about the basic injury is not true.

The judgment is affirmed.

Aiso, J., and Reppy, J., concurred.