[Civ. No. 38383. Second Dist., Div. Four. Jan. 3, 1972.]

JAMES K. HOFFMAN, Plaintiff and Appellant, v.
J. F. ROGERS, Defendant and Respondent.

**COUNSEL**

J. Lorin Yeates for Plaintiff and Appellant.

Robert E. Cartwright, Edward I. Pollock, Theodore A. Horn, Marvin E. Lewis, William H. Lally, Joseph W. Cotchett, Leonard Sacks and Daniel Fogel as Amici Curiae on behalf of Plaintiff and Appellant.

Richard P. Nahrwold and Suzanne L. Harris for Defendant and Respondent.

**OPINION**

**JEFFERSON, J.**—Plaintiff James K. Hoffman appeals from a judgment of dismissal entered pursuant to the granting of a motion for summary judgment made by J. F. Rogers, M.D., one of two defendants named in the original complaint.

Plaintiff contends that the affidavits filed by defendant Rogers are insufficient to establish that no issue of fact exists.

On February 1, 1969, plaintiff filed a complaint alleging, in substance, that defendants Rogers and Glassman were both physicians and surgeons licensed to practice medicine and surgery in California with offices at identified locations; that on or about September 7, 1966, plaintiff consulted defendant Rogers, company physician for Rocketdyne division of North American Aviation, Inc. (hereinafter called North American) to obtain diagnosis and treatment of an injury resulting from his employment; that defendant Rogers referred plaintiff to defendant Glassman; that after diagnosis both physicians determined that plaintiff had a hernia and recommended that he be treated surgically by defendant Glassman; that plaintiff underwent surgery performed by defendant Glassman on or about September 14, 1966; that the surgical incision thereafter became seriously infected and was treated by defendant Glassman; that on or about September 28, 1966, defendant Glassman notified plaintiff's employer that plaintiff was able to return to work on a limited basis; that from and after the date of his return to work, plaintiff was further treated by both defendants in a manner so negligent that plaintiff suffered a recurrence of the hernia; that as a result of such negligent treatment plaintiff was required to undergo further surgery and that plaintiff has as a consequence been damaged by the expense, pain and suffering and loss of income, among other things.

Defendant Rogers filed a general demurrer relying upon section 3601 of the Labor Code and the exclusive jurisdiction of the Industrial Accident Commission; this demurrer was overruled. Defendant Rogers then filed an answer in which he made a general denial and asserted defenses of contributory negligence and assumption of risk. On the same date, May 29, 1968, he filed and served interrogatories on plaintiff which plaintiff promptly answered. On July 16, 1970, defendant Rogers filed his motion for summary judgment.

In his original declaration Dr. Rogers alleged in substance that he is a physician and surgeon and has been continuously since 1957 licensed to practice in California; that in December 1962, he entered the employ of North American and has continuously since that date remained an employee of that company; that on September 7, 1966, he first met plaintiff and examined him with respect to an injury plaintiff had suffered in the course of his employment at North American; that Dr. Rogers then noted a soft, reducible mass in the left inguinal canal and concluded that plaintiff was suffering from inguinal hernia; that he advised plaintiff to consult with Dr. Glassman with the understanding that North American would pay all medical fees; that he next saw plaintiff on November 14, 1966, when he examined the surgical incision which he was informed and believed indicated the surgical treatment of the patient for the hernia condition; that he cleansed and dressed the incision on that date and thereafter

on November 18, 21, and 22 and December 5 and 9, 1966; that on January 23, 1967, he again examined plaintiff and at that time referred him again to Dr. Glassman; that on March 6, 1967, he examined plaintiff and noted a pouch-like swelling beneath the site of the surgical incision; that from this and other indices he concluded that plaintiff had experienced a recurrence of the hernia; that he advised plaintiff to consult Dr. Glassman once more; that plaintiff thereafter consulted Dr. Koenig and was surgically treated for a hernia condition; that Dr. Rogers at each time he treated plaintiff was acting during normal hours of his employment and within the scope of such employment and that "each such examination, diagnosis and treatment occurred within premises owned and operated by said employer."

Richard Nahrwold, attorney for Dr. Rogers, separately declared that he attended the deposition of plaintiff James Hoffman in the course of which plaintiff stated unequivocally that he was injured in the course of his employment as a mechanic for North American; that he reported the injury to his supervisor who made arrangement for him to see Dr. Rogers; and that he was advised that North American would pay the medical expenses.

The additional declaration of Dr. Rogers filed August 12, 1970, alleges in further detail the nature and conditions of his employment by North American. He therein states, inter alia, that he is a salaried employee and that his services "consist of making physical examination of prospective employees of the Corporation, rendering first aid, and making diagnoses of such physical conditions of employees of the Corporation when an employee claims that his physical condition has been affected adversely while he was performing work of some sort on behalf of the Corporation." Defendant further alleges that his office facility is located in the main building of the North American plant in Canoga Park; that he treats employees during regular office hours and receives no compensation from such persons; that since the beginning of his employment by North American he has received no compensation for medical services rendered from any source other than North American; that he maintains no office other than that at his place of employment; that he has no financial association with Dr. Glassman and has had contact with him only in respect to treatment of employees of North American; that he did see plaintiff seven times following his first examination of plaintiff but each time it was during working hours and he received no financial compensation from plaintiff; that he undertook this additional service because plaintiff suffered his injury while employed by North American.

Plaintiff filed no counterdeclaration but did file points and authorities

in support of his contention that the declarations filed by Dr. Rogers are inadequate as a factual basis for the court to determine the nature and extent of its jurisdiction over that defendant. Plaintiff does not dispute, and in his deposition alleges in similar language, the circumstances in which the accident occurred and upon which he first visited Dr. Rogers. Neither does plaintiff dispute the facts alleged in Dr. Rogers' declaration relating to the continuing course of treatment by Dr. Glassman and Dr. Rogers.

Plaintiff contends that the allegations of paragraph 5 and 6 of defendant Rogers' original declaration lend factual support to plaintiff's position since the defendant therein admits that he engaged in a course of care and treatment beyond the preliminary diagnosis and referral[1] which in his supplemental declaration he describes as the duties incidental to his employment. It is plaintiff's apparent theory that the joint treatment of his hernia condition conducted by one or both of the defendants, operating together, from and after the date of surgery, was negligently handled, and that such treatment constituted the proximate cause which aggravated the injury which had its inception in an industrial accident.

The controlling statutes relating to the jurisdiction of the Industrial Accident Commission are Labor Code sections 3601 and 3706.[2]

---

[1]"That I next saw the plaintiff JAMES K. HOFFMAN on November 14, 1966, when I conducted an examination of a surgical incision in the lower-left quadrant of his abdomen which I am informed and believe, was the product of Dr. Glassman's surgical treatment of this patient for a hernia condition. That I cleansed and dressed this incision on that date and thereafter on November 18, 21 and 22, and December 5 and 9, 1966. That on January 23, 1967, I again examined the plaintiff and again referred him to Dr. Glassman for reexamination and reevaluation.

"That on March 6, 1967, I again conducted a physical examination of the plaintiff's lower-left abdominal wall and observed a pouch-like swelling beneath the site of the surgical incision. When examining the left abdominal ring under conditions of intra-abdominal pressure, I observed a small, firm, hard mass measuring approximately one (1) centimeter in diameter. That upon the application of minimal pressure, this mass could be returned to the area within the abdominal ring. These observations led me to the conclusion that the plaintiff had experienced a reoccurrence of a hernia condition. That I advised plaintiff to consult Dr. Glassman for further diagnosis and treatment, and I am informed and believe that he again contacted Dr. Glassman on March 7, 1967."

[2]Section 3601: (a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in the following cases:

It is the import of section 3601, as generally established by judicial decision, that a fellow employee who injures another while acting within the scope of his employment is immune to suit in any forum absent a finding of wilful or reckless misconduct. ■ *"The phrase* 'scope of his employment' is used in section 3601 to designate the sphere of activity encompassed within the provisions thereof which make the right to recover workmen's compensation the exclusive remedy available to an injured employee for a compensable injury caused by the negligence of a co-employee; identifies the nature of the act of the coemployee causing the injury and not the nature of the injury sustained as a result of that act; and must be interpreted accordingly." (*McIvor* v. *Savage*, 220 Cal.App.2d 128, 135-136 [33 Cal.Rptr. 740].) It is further pointed out, however, that "A determination of the issue as to whether an employee was acting within the scope of his employment involves a consideration of many factors including, among others, whether his conduct was authorized by his employer, either expressly or impliedly [citation]; the nature of the employment, its object and the duties imposed thereby; whether the employee was acting in the discharge thereof [citation]; whether his conduct occurred during the performance of services for the benefit of the employer, either directly or indirectly, or of himself, or of another person [citation]; whether his conduct, even though not expressly or impliedly authorized, was an

---

(1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of such other employee.

(2) When the injury or death is proximately caused by the intoxication of such other employee.

(3) When the injury or death is proximately caused by an act of such other employee which evinces a reckless disregard for the safety of the employee injured, and a calculated and conscious willingness to permit injury or death to such employee.

(b) An act which will not sustain an independent action for damages against such other employee under subsections (1), (2), or (3) of subdivision (a) of this section may nevertheless be the basis of a finding of serious and willful misconduct under Section 4553 or 4553.1, if (1) such other employee is established to be one through whom the employer may be charged under Section 4553; (2) such act of such other employee shall be established to have been the proximate cause of the injury or death; and (3) such act is established to have been of a nature, kind, and degree sufficient to support a finding of serious and willful misconduct under Section 4553 or 4553.1.

(c) In no event, either by legal action or by agreement whether entered into by such other employee or on his behalf, shall the employer be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by such other employee under subsections (1), (2), or (3) of subdivision (a) of this section.

(d) No employee shall be held liable, directly or indirectly, to his employer, for injury or death of a coemployee except where the injured employee or his dependents obtain a recovery under subdivision (a) of this section.

Section 3706: If any employer fails to secure the payment of compensation, any injured employee or his dependents may proceed against such employer by filing an application for compensation with the appeals board, and, in addition, may bring an *action at law* against such employer for damages, as if this division did not apply.

incidental event connected with his assigned work [citations]; and many other things besides the time and place of performance of his duties as an employee. [Citation.]" (*McIvor* v. *Savage, supra,* pp. 136-137.) Defendant relies upon this train of decisions to sustain his position that, since plaintiff has failed to allege that defendant Rogers is guilty of wilful misconduct in his treatment, no independent action for damages may be instituted against him in superior court.

Plaintiff relies principally upon the case of *Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8], to support his contention that he is entitled to bring a separate action at common law for malpractice against defendant Rogers. In that case the plaintiff, who was employed in a doctor's office, was injured in her employment and her condition was aggravated by the negligent treatment rendered by her doctor-employer. The California Supreme Court found that when the employer doctor elected to render medical treatment he undertook a "dual legal responsibility" and he could not thus escape individual liability at law for malpractice. Therefore, the court concluded, the defendant was a "person other than employer" within the meaning of Labor Code section 3852.

This observation is made in *Duprey* v. *Shane, supra,* (p. 791): " 'That independent professions by the fact of business contact with the employer should be absolved of responsibility for mistake, avoidable or unjustified neglect resulting in secondary affliction, seems obnoxious to the purpose and spirit of such a statute. To so hold might induce industry to encourage quackery, and place a premium upon negligence, inefficiency and wanton disregard of the professional obligations of medical departments of industry, toward the artisan.' "

The cases in which defendant places principle reliance are not apposite since none of these involved an action against a treating physician, independent of his employer company, for malpractice in the aggravation of an industrially incurred injury. In the case of *Deauville* v. *Hall,* 188 Cal. App.2d 535 [10 Cal.Rptr. 511], plaintiff was injured while working for Walt Disney Productions and brought an action against his employer and the defendant Hall, not a doctor, who rendered first aid treatment. The appellate court affirmed the trial court's determination that the plaintiff in his suit against his employer failed to bring himself within the exception established by *Duprey* v. *Shane, supra.*

In the very recent case of *Wickham* v. *North American Rockwell Corp.,* 8 Cal.App.3d 467 [87 Cal.Rptr. 563], a judgment of dismissal as to both the employer and physician employee was entered pursuant to a general demurrer. This action was sustained by the appellate court. In the *Wickham* case the plaintiff claimed that faulty diagnosis in the course of a

regular system of periodic check-ups of his lungs, undertaken by his employer for the protection of employees engaged in a milling operation known to be hazardous to health and specifically to lungs, prevented plaintiff from obtaining prompt medical treatment for active tuberculosis. Plaintiff did not directly allege that failure to diagnose the inflammation of his lungs aggravated an industrially caused injury. The court expressly refrained from deciding anything beyond the limited issue of the case which dealt with alleged negligence in conducting a routine examination customarily conducted by company physicians, and under the circumstances alleged the court concluded plaintiff's claim was confined to the jurisdiction of the Industrial Accident Commission. The present case is concerned with the aggravation of an industrial accident by a course of surgical and post-surgical treatment and is thus clearly distinguishable.

Following the decision in *Duprey v. Shane, supra,* (39 Cal.2d 781) section 3601 of the Labor Code was amended to include a provision that when conditions for compensation exist an employee who injures a fellow employee while acting in the scope of his employment shall not be liable unless he acted wilfully or recklessly or was intoxicated. That amendment cannot be interpreted as overturning the rules established by the *Duprey* case. In that case the defendant, Dr. Shane, was the employer of the plaintiff, so that the statutory language exculpating an employee would not make any difference in his situation. The *Duprey* opinion (at p. 793) referred to the "dual legal personality" of the employer who was also a treating physician. There is nothing in the amendment to undermine the dual personality theory.

The *Duprey* case also involved the liability of Dr. Harrison, an employee of Dr. Shane, who aided in treating the plaintiff. Implicitly the court held that the principles which imposed liability on Dr. Shane were just as applicable to his employee,- Dr. Harrison. The opinion also stated (at p. 794): "Independently of the liability of Dr. Shane, it is hard to see how Dr. Harrison is in any different position than the insurance company doctor would have been had he been called in to treat."

The principles expressed in the *Duprey* decision are controlling here.

The judgment in favor of defendant Rogers is reversed.

Files, P. J., and Kingsley, J., concurred.