[Civ. No. 34754. First Dist., Div. One. Dec. 9, 1975.]

ELIZABETH DIXON a Minor, etc., et al., Plaintiffs and Appellants, v. FORD MOTOR COMPANY, Defendant and Respondent.

**COUNSEL**

Werchick & Werchick and Dennis H. Black for Plaintiffs and Appellants.

Popelka, Allard, McCowan, Cabrinha & Jones, Neal A. Cabrinha and Michael J. Murray for Defendant and Respondent.

**OPINION**

**ELKINGTON, J.**—Plaintiffs, the widow and minor children of Norman Dixon, deceased, commenced a wrongful death action against the latter's employer, Ford Motor Company, and a nurse and "orderly" employed by it. Concluding that plaintiffs' exclusive remedy was under the state's Workmen's Compensation Act, the superior court granted the company's motion for summary judgment and rendered judgment accordingly. Plaintiffs have appealed.

The material and undisputed facts before the superior court follow. Ford Motor Company maintained a "Plant Aid Station" at which was provided "emergency first aid care to all employees no matter the source

of illness or injury." Deceased "was a full-time employee of Ford Motor Company." While he "was at work . . . on January 15, 1971" he "received treatment at the Aid Station" from two company employees, a nurse and an orderly. He thereafter, on the same day, died. The circumstances of his death were declared by plaintiffs in this manner: "Norman Dixon first sought such aid shortly after arriving at work on January 15, 1971. He was returned to work almost immediately, but soon thereafter a fellow worker called the medical facility and asked that Mr. Dixon be taken back as he was in obvious distress. At that time Mr. Dixon was examined by a nurse and told to lie down to rest. Approximately one-half hour later he died. Shortly thereafter, the doctor for the facility arrived and an ambulance was called. Mr. Dixon was D.O.A. at Alexian Brothers Hospital."

Following filing of the complaint the wife of deceased, Betty B. Dixon, made claim for workmen's compensation death benefits to the Workmen's Compensation Appeals Board. ■ It was there alleged that the deceased "as a result of repeated occupational stresses and strains" died of the "progression of arteriosclerotic heart disease" leading "to a heart attack while working on the job on January 15, 1971."*

The complaint of the action below, among other things, alleged: "That as a direct and proximate result of the negligence and carelessness of said defendants [Ford Motor Company and its nurse and orderly], Norman Dixon was caused to die on or about the 15th day of January, 1971." The alleged "negligence and carelessness" relied upon was that of Ford Motor Company employees in respect of the company's medical facility on *January 15, 1971,* and did not *relate* in any way to the previous "occupational stresses and strains."

California's Workmen's Compensation Act is found in sections 3200-6149, inclusive, of the Labor Code.

Labor Code section 3600, as relevant here, provides: "Liability for [workmen's compensation], in lieu of any other liability whatsoever to any person . . . shall, without regard to negligence, exist against an employer for . . . the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensa-

---

*It is proper where doubt exists whether death or injury is sustained in the course of employment to protect oneself against the running of the statute of limitations by filing both a civil action and an application for workmen's compensation. (*Freire* v. *Matson Navigation Co.,* 19 Cal.2d 8, 10 [118 P.2d 809].)

tion concur: . . . (b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment. (c) Where the injury is proximately caused by the employment, either with or without negligence. . . ."

Labor Code section 3601, as relevant, states: "(a) Where [such] conditions of compensation exist, the right to recover such compensation . . . is . . . the *exclusive remedy* for . . . death of an·employee against the employer . . . ." (Italics added.)

It has been consistently held, without exception, that section 3601 means precisely what its terms imply. It is said that: "When an employee's injuries or death are compensable under the Workmen's Compensation Act, the right of the employee or his dependents, as the case may be, to recover such compensation is the exclusive remedy against the employer." (*De Cruz* v. *Reid,* 69 Cal.2d 217, 221 [70 Cal.Rptr. 550, 444 P.2d 342]; and see *Witt* v. *Jackson,* 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641]; *McFarland* v. *Voorheis-Trindle Co.,* 52 Cal.2d 698, 702 [343 P.2d 923].) "In the most explicit terms, section 3600 declares the exclusive character of the employer's workmen's compensation liability in lieu of any *other* liability to *any* person. Sections 3600 and 3601 form a complementary, unmistakable declaration of legislative policy . . . ." (*Pacific Gas & Elec. Co.* v. *Morse,* 6 Cal.App.3d 707, 713-714 [86 Cal.Rptr. 7].)

█ The area of our inquiry then, becomes limited to the question of law whether, assuming the claimed negligence, and on the uncontested factual showing of the summary judgment proceedings, deceased's dependents were entitled to recover workmen's compensation benefits for his death. If they were, then the summary judgment was properly entered, for they had established no triable issue of fact (see *Simmons* v. *Civil Service Empl. Ins. Co.,* 57 Cal.2d 381, 384 [19 Cal.Rptr. 662, 369 P.2d 262]; *Rambo* v. *Blain,* 263 Cal.App.2d 158, 162 [69 Cal.Rptr. 132]), and the Workmen's Compensation Act provided the exclusive remedy.

Plaintiffs contend that they were not entitled to workmen's compensation benefits if, as here contended, deceased's death proximately resulted from the negligence of Ford Motor Company's employees. There is missing, they argue, one of section 3600's "conditions of compensation," i.e., that "the injury is proximately caused by the employment." (See § 3600, subd. (c).) And they rely on the express provision of Labor Code

**504**

section 3602, which states: "In all cases where the conditions of compensation do not concur, the liability of the employer is the same as if this division had not been enacted."

Considered in the light most favorable to plaintiffs (see *Desny v. Wilder,* 46 Cal.2d 715, 725 [299 P.2d 257]), the factual presentation before the superior court on the summary judgment proceedings is here summarized. At deceased's place of employment, his employer, Ford Motor Company, maintained for the convenience and welfare of its employees an emergency first aid medical facility. The facility was staffed by a nurse and an orderly and such care was provided to all employees regardless of the source of their illness or injury. During his working hours deceased suffered physical distress and went to the facility for aid. He was negligently treated or advised by the facility's attendants, which negligence proximately resulted in his death. We have concluded as a matter of law that upon proof, and a finding, of such facts, deceased's dependents would be entitled to workmen's compensation benefits. Our reasons follow.

If the negligent treatment of deceased be deemed to have been rendered in the course of his employment and his death proximately resulted from such negligence, then of course his employer's liability for workmen's compensation would be undisputed. But we understand plaintiffs to contend that the treatment was of a personal nature, administered when deceased was not actually engaged in working for his employer, and was accordingly not in the course of his employment.

It is of course true that deceased was not actually engaged in performing the duties of his employment at the time of Ford Motor Company's claimed negligence, and the injury and death allegedly resulting therefrom. But it is established law that: "Recovery of compensation is not conditional upon the employee's rendering service to the employer at the time of the injury." (*Heaton v. Kerlan,* 27 Cal.2d 716, 720 [166 P.2d 857]; *Cal. Cas. Indem. Exch. v. Ind. Acc. Com.,* 21 Cal.2d 461, 465 [132 P.2d 815]; *Wickham v. North American Rockwell Corp.,* 8 Cal.App.3d 467, 472 [87 Cal.Rptr. 563]; *Western Pipe etc. Co. v. Ind. Acc. Com.,* 49 Cal.App.2d 108, 110-111 [121 P.2d 35].)

The rule which we find applicable is stated in *Fireman's Fund etc. Co. v. Ind. Acc. Com.,* 39 Cal.2d 529, 532-533 [247 P.2d 707], as follows: " 'Such acts as are necessary to the life, comfort, and convenience of the servant while at work, though strictly personal to himself, are incidental

to the service rendered by such a servant, and an injury sustained in their performance arises out of and in the course of the employment. The rule is broad enough to include the majority of an employee's acts upon the employer's premises, such as eating lunch, getting a drink of water, smoking tobacco where not forbidden by the employer, attending to the wants of nature, changing to or from working clothes, and many others. Such acts, although not themselves representing a rendition of service, are reasonably incidental thereto, and are considered to be acts for the mutual benefit and convenience of the employer and employee.' " (See also *Whiting-Mead Co.* v. *Indus. Acc. Com.,* 178 Cal. 505, 507 [173 P. 1105, 5 A.L.R. 1518]; *Wickham* v. *North American Rockwell Corp., supra,* 8 Cal.App.3d 467, 472.) Under this rule such injuries as resulted from the alleged negligence arose out of and in the course of deceased's employment.

Treating the medical facility as being conducted for the benefit of Ford Motor Company, deceased's injury and death would necessarily have occurred in the course of his employment. The same result must follow treating it as maintained for the benefit of the company's employees, for there is "express judicial acknowledgment that an injury received while enjoying an incident of employment solely for the benefit of the employee is one arising out of and in the course of employment . . . ." (*Saala* v. *McFarland,* 63 Cal.2d 124, 129 [45 Cal.Rptr. 144, 403 P.2d 400]; see also *Wickham* v. *North American Rockwell Corp., supra,* 8 Cal.App.3d 467, 472.)

Other authority also compels the conclusion that deceased's injury and death were "proximately caused by the employment" as required by section 3600, subdivision (c). "[A]n injury is compensable if it results from an activity contemplated by the employment, . . ." (*Reinert* v. *Industrial Acc. Com.,* 46 Cal.2d 349, 356 [294 P.2d 713].) "In drawing the line between those acts which shall be deemed work-related and those considered to be purely personal, it is generally stated as a basic principle that an employee is in the course of his employment when he does those reasonable things within the time and space limits of the employment which his contract with his employer expressly or impliedly permits him to do." (*North American Rockwell Corp.* v. *Workmen's Comp. App. Bd.,* 9 Cal.App.3d 154, 158 [87 Cal.Rptr. 774].) Where one is injured by the act of a fellow employee, he has "suffered an injury arising out of and in the course of his employment when the act-done is within the reasonable contemplation of what the employee may do in the service of his employer." (*Scott* v. *Pacific Coast Borax Co.,* 140 Cal.App.2d 173, 180 [294 P.2d 1039].)

These rules were given effect in a case closely analogous to that before us, *Deauville* v. *Hall,* 188 Cal.App.2d 535 [10 Cal.Rptr. 511]. There it was contended, in a civil action for damages, that where an employer had furnished medical treatment to an injured employee, "the latter should be permitted an independent action where, through the employer's negligence the original compensable injury was aggravated by the carelessness of an unqualified doctor; and . . . the negligent act of the employer's first-aid man in 'diagnosing' his symptoms 'like a doctor' [gave the employer] a status separate and apart from that of the employer, . . ." (P. 540.) Rejecting the argument, the Court of Appeal stated: "The Workmen's Compensation Act provides an exclusive and complete system of compensation for injuries to employees arising out of and in the course of their employment . . . . Inasmuch as insurance coverage of the employer and plaintiff's industrial injury, appear on the face of the pleading, it is clear that the superior court is without jurisdiction in the matter . . . . [T]here is nothing in the act or the authorities to warrant an action in a court of law against an employer for the latter's negligence in providing . . . medical treatment. . . . The [law] rejects an independent action against an employer for a doctor's negligence. 'Where recovery is sought by an employee *against his employer or the employer's insurance carrier* for a new or aggravated injury resulting from the negligence of a physician in treating an industrial injury, the Industrial Accident Commission has exclusive jurisdiction to determine the claim.' " (Pp. 539-542.)

Labor Code section 3202, calling for a liberal construction of the Workmen's Compensation Act by the courts "for the protection of persons injured in the course of their employment," is of no aid to plaintiffs. That statute's purpose is a liberal construction in favor of *awarding workmen's compensation,* not in permitting civil litigation. (See *Greydanus* v. *Industrial Acc. Com.,* 63 Cal.2d 490, 493 [47 Cal.Rptr. 384, 407 P.2d 296].) "The rule [of liberal construction of the act in favor of its applicability] is not altered because a plaintiff believes that he can establish negligence on the part of his employer and brings a civil suit for damages. If the injury falls within the scope of the act, a proceeding thereunder constitutes his exclusive remedy." (*Freire* v. *Matson Navigation Co., supra,* 19 Cal.2d 8, 10; *Scott* v. *Pacific Coast Borax Co., supra,* 140 Cal.App.2d 173, 178.)

Nor does the case of *Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8], lend support to plaintiffs' contention. There Dr. Shane was the employer of Duprey, a practical nurse. Duprey was injured while working at her

employment, and Dr. Shane undertook to treat her injuries. He did so negligently, proximately resulting in additional disability to the nurse, who commenced a civil action for damages against him. The court found the action proper, having concluded (p. 789) that " 'when the employing doctor elected to treat the industrial injury . . . the doctor assumed the same responsibilities that any doctor would have assumed had he been called in on the case.' " It further stated (p. 793): " '[W]here, as here, it is perfectly apparent that the person involved—Dr. Shane—bore towards his employee two relationships—that of employer and that of a doctor—there should be no hesitancy in recognizing this fact as a fact.' "

Several cases have refused to extend the rationale of *Duprey* v. *Shane* to different factual contexts. See *Williams* v. *State Compensation Ins. Fund,* 50 Cal.App.3d 116, 121 [123 Cal.Rptr. 812]; *Deauville* v. *Hall, supra,* 188 Cal.App.2d 535, 546 ("Subsequent attempts to transform an employer or carrier into a 'third person' under *Duprey* v. *Shane,* 39 Cal.2d 781 . . . have met with little success, the courts being unwilling by legalistic machinations to make unwarranted inroads into the proper jurisdiction of the commission."); *Noe* v. *Travelers Ins. Co.,* 172 Cal.App.2d 731, 736 [342 P.2d 976]; *Hazelwerdt* v. *Industrial Indem. Exchange,* 157 Cal.App.2d 759, 765 [321 P.2d 831] ("The [*Duprey* v. *Shane*] court reasoned that the actions of the employer-doctor made him a 'person other than the employer' within the meaning of Labor Code, section 3852"). And Mr. Witkin says: "The *Duprey* case represented a unique situation in which the employer was also a doctor. Subsequent attempts to extend its holding were unsuccessful." (2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen's Compensation, § 46, p. 890.)

We find *Duprey* v. *Shane* to be unauthoritative in the context of the case at bench.

Plaintiffs attach a copy of a letter to their appellate brief. It purports to have been written by counsel for Ford Motor Company, and states, "We know of no reason why Ford Motor Company should settle what is clearly a non-industrial death claim." It does not appear to have been used on the summary judgment proceedings, and its presentation to us is accordingly improper. (*Lady* v. *Barrett,* 43 Cal.App.2d 685, 686-687 [111 P.2d 702].) Furthermore, had it been a part of the record, it would have no probative significance; it appears to express the conclusion that deceased's physical affliction, unattended by negligent treatment or advice by the company, did not give rise to an industrial death claim.

Nor is validity seen in the argument that the superior "court made insufficient findings to support [its] ruling." Findings of fact have no place in summary judgment procedure. (*de Echeguren* v. *de Echeguren,* 210 Cal.App.2d 141, 148 [26 Cal.Rptr. 562].)

Of course nothing we have said may be deemed to preclude plaintiffs from pursuing their application for workers' compensation death benefits before the Workers' Compensation Appeals Board, or to suggest that in such proceedings they must allege or prove negligent treatment or advice by Ford Motor Company or its agents or employees.

The summary judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.

A petition for a rehearing was denied January 7, 1976, and the opinion was modified to read as printed above. Appellants' petition for a hearing by the Supreme Court was denied February 5, 1976.