187 N.J. Super. 129 (1982)
453 A.2d 1335
ALBERTA BOYLE, PLAINTIFF-APPELLANT,
v.
CHARLES J. BREME, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 30, 1982.
Decided July 30, 1982.
Before Judges FRITZ, ARD and TRAUTWEIN.
Yale I. Asbell argued the cause for appellant (Joseph Asbell & Associates, attorneys).
*130 John R. Gercke, Assistant County Counsel, argued the cause for respondent (Albert J. Scarduzio, County Counsel, attorney).
The opinion of the court was delivered by FRITZ, P.J.A.D.
This is a common law medical malpractice action brought by an employee of the self-insured Camden County which also employed defendant physician. The trial judge granted defendant's motion for summary judgment, on the motion papers and without argument or written decision. On a motion for reconsideration he said, in a very brief letter opinion that cited neither statute nor case in support, "The Statutes of New Jersey concerning workmen's [sic] compensation and the cases interpreting same prohibit an employee from suing a fellow employee for injuries sustained on the job limiting plaintiff's action to workmen's compensation." Plaintiff appeals. We affirm.
There is no question respecting the factual finding that both plaintiff and defendant were employees of the same employer and in whose employ the accident requiring treatment occurred. Plaintiff does not dispute this, but argues that this blending of separate "jural personalities" is incorrect, and that correctly viewed, the employer as insurer or medical provider, was a separate jural personality from the employer who hired plaintiff as a food service worker.
The argument, invoking the so-called dual capacity doctrine, is not frivolous. In Mager v. United Hospitals of Newark, 88 N.J. Super. 421 (App.Div. 1965), aff'd o.b. 46 N.J. 398 (1966), upon which plaintiff leans heavily, we held that an insurance company which employed the alleged tortfeasor doctor and insured the patient's employer was not immune from suit, commenting that the insurance company was under no obligation to operate a clinic, even as Camden County was under no obligation to hire its own treating physician here. But the distinction from the matter before us is obvious: in Mager the insurance company was the employer of the physician but not of plaintiff patient. *131 Cf. Rothfuss v. Bakers Mut. Ins. Co., 107 N.J. Super. 189 (App. Div. 1969).
The several jurisdictions which have considered the problem do not at all agree. Some states purport to apply the dual capacity doctrine generally, Duprey v. Shane, 39 Cal.2d 781, 249 P.2d 8 (Sup.Ct. 1952); Hoffman v. Rogers, 22 Cal. App.3d 655, 99 Cal. Rptr. 455 (D.Ct.App. 1972), at least in the situation of a hospital employee where "the nonemployer aspect of the employer's activity generates a different set of obligations by the employer toward the employee," D'Angona v. Los Angeles Cty., 27 Cal.3d 661, 613 P.2d 238, 242, 166 Cal. Rptr. 177 (Sup.Ct. 1980). But cf. Dixon v. Ford Motor Co., 53 Cal. App.3d 499, 125 Cal. Rptr. 872 (D.Ct.App. 1976), which commented on the fact that several cases refused to extend the rationale of Duprey v. Shane, supra, to different factual contexts.
Ohio followed Duprey, citing it, and, akin to D'Angona v. Los Angeles Cty., supra, but without citing it, spoke of "the decisive test of dual-capacity [being] not with how separate the employer's second function is from the first, but whether the second function generates obligations unrelated to those flowing from the first, that of an employer." Guy v. Arthur H. Thomas Co., 55 Ohio St.2d 183, 378 N.E.2d 488, 491 (Sup.Ct. 1978).
On the other hand, New York has rejected the doctrine, Garcia v. Iserson, 33 N.Y.2d 421, 309 N.E.2d 420, 353 N.Y.S.2d 955 (Ct.App. 1974), but in doing so was careful to distinguish the situation before it from the situation in which the employer was in the business of rendering medical care. McAlister v. Methodist Hospital of Memphis, 550 S.W.2d 240 (Tenn.Sup.Ct. 1977), rejected the dual capacity concept even in a case where the injured employee was employed at a hospital. Michigan, refusing immunity to a municipal medical center in connection with treatment to a police officer, cited Garcia v. Iserson, supra, and based its decision on the fact that "[t]he medical center is not a facility intended for exclusive treatment of city employees. It was merely an unfortunate coincidence that it was utilized by *132 plaintiff." Fletcher v. Harafajee, 100 Mich. App. 440, 299 N.W.2d 53, 55 (Ct.App. 1980).
The issue has produced vigorous dissents. Jenkins v. Sabourin, 104 Wis.2d 309, 311 N.W.2d 600 (Sup.Ct. 1981); McCormick v. Caterpillar Tractor Co., 85 Ill.2d 352, 53 Ill.Dec. 207, 423 N.E.2d 876 (Sup.Ct. 1981).
As Judge King pointed out in Doe v. St. Michael's Med. Center, Newark, 184 N.J. Super. 1, 9 (App.Div. 1982), the dual capacity doctrine has not thrived in New Jersey. Our Supreme Court declined to undertake an extended consideration of the matter in Lyon v. Barrett, 89 N.J. 294 (1982), holding in that case that Barrett the corporation, employer of plaintiff, was in fact a different entity from Barrett the landlord. We are disinclined to explore the doctrine further for we see no reason to depart from our holding in Bergen v. Miller, 104 N.J. Super. 350 (App.Div. 1969), certif. den. 53 N.J. 582 (1969), a case hardly distinguishable from the one before us and certainly not at all distinguishable in principle. In promulgating the workers' compensation statutes, with amendments both gross and discrete over the years, the Legislature has constructed a highly technical framework of complex design and complicated parts. It deals with such matters as the provision of medical aid by the physician of the employer's choosing  free choice of physician has been a bone of contention for years; responsibility in the employer for aggravation of an injury caused by medical treatment; an obligation in the employer not only to provide medical and surgical treatment but for services to cure and relieve the workman of the effects of the injury and to restore the functions of the body, as well as to provide prosthetic devices. An integral part of this complex structure is the accepted proposition that an employee surrenders other claims for the certainty of the exclusive workers' compensation remedy. We are of the opinion that we should not threaten the integrity of this scheme by presuming an exception in the case of a coemployee who happens to be a doctor. We are not at all insensitive to the argument of plaintiff here that for obvious reasons medical *133 risks  clearly actionable otherwise in the presence of professional negligence  should be excepted from the rule, if the dual capacity doctrine is not applied, as a matter of policy. Our caution extends to the inquiry that should we do this, what exception will next be sought? We are convinced that any adjustment in the gears of this machine should be left to the Legislature, a restraint which also motivated the Supreme Court of Mississippi in Trotter v. Litton Systems, Inc., 370 So.2d 244 (Miss.Sup.Ct. 1979).
Affirmed. No costs.