JOSEPH MUFICH, Plaintiff-Appellee, *v.* HEISLER GREEN CHEMICAL COMPANY *et al.*, Defendants (Henrotin Hospital, Defendant-Appellant).

First District (4th Division)   No. 83—1160

Opinion filed February 16, 1984.

Rooks, Pitts, Fullagar & Poust, of Chicago (Phillip B. Allen and James J. Stamos, of counsel), for appellant.

Susan E. Loggans & Associates and William J. Harte, Ltd., both of Chicago (William J. Harte, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

This cause is before us by virtue of our granting of defendant Henrotin Hospital's application for leave to appeal pursuant to Illinois Supreme Court Rule 308(a) (87 Ill. 2d R. 308(a)).

Plaintiff Joseph Mufich filed a multicount complaint against sev-

eral defendants, count V of which was directed against the hospital, plaintiff's employer. In his complaint, plaintiff alleged that on December 28, 1981, while in the course of his employment as an engineer at the hospital he injured his foot while pouring, cleaning or inspecting a chemical container which contained a chemical manufactured by another defendant and which had been sold and distributed to the hospital by that defendant. On December 30, 1981, plaintiff went to the emergency room facility at the hospital for medical care or treatment and was there negligently treated by emergency room personnel. As a proximate result of the negligence he suffered personal injuries for which the hospital was liable.

Plaintiff also filed a claim under the Workers' Compensation Act.

The hospital moved for dismissal of the action (count V) under section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619) because section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a)) provides that an injured employee's exclusive remedy against his employer for injuries sustained in the line of duty as an employee is solely under the provisions of the Workers' Compensation Act. The trial judge denied the motion to dismiss but, under Supreme Court Rule 308, entered the requisite order identifying the question of law involved as "whether an employee may maintain a cause of action at common law against his employer/hospital for medical malpractice in the treatment of a work-related injury."

In denying the hospital's motion to dismiss, the trial judge held that this was a situation in which the dual-capacity doctrine applied, that is, when plaintiff was treated at the hospital the relationship between him and the hospital was that of patient and hospital and not that of employee and employer. We disagree.

■■ ■ Section 5(a) of the Workers' Compensation Act provides (Ill. Rev. Stat. 1981, ch. 48, par. 138.5(a)):

> "No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury."

Section 11 of the Act provides (Ill. Rev. Stat. 1981, ch. 48, par. 138.11):

"The compensation herein provided, together with the provisions of this Act, shall be the measure of the responsibility of any employer engaged in any of the enterprises or businesses enumerated in Section 3 of this Act, or of any employer who is not engaged in any such enterprises or businesses, but who has elected to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment according to the provisions of this Act, and whose election to continue under this Act, has not been nullified by any action of his employees as provided for in this Act."

Section 8(a) (Ill. Rev. Stat. 1981, ch. 48, par. 138.8(a)) requires that an employer provide and pay for all the necessary first aid, medical and surgical services, and all necessary medical, surgical and hospital services thereafter incurred, limited, however, to that which is reasonably required to cure or relieve from the effects of the accidental injury.

In *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 423 N.E.2d 876, plaintiff was injured during the course of his employment at the Caterpillar Tractor Company and was treated at the plant at various times by licensed physicians employed by Caterpillar on a full-time basis. After filing a claim and receiving an award under the Workers' Compensation Act, he sued Caterpillar and the doctors for alleged negligence in the diagnosis and treatment of his injury. The trial court dismissed as to Caterpillar and one doctor and entered summary judgment in favor of the other doctors. The appellate court, one judge dissenting (*McCormick v. Caterpillar Tractor Co.* (1980), 82 Ill. App. 3d 77 (Webber, J., concurring in part and dissenting in part)), held that section 5(a), the exclusive remedy provision of the Compensation Act, did not bar common law tort action against Caterpillar because, by furnishing medical services to its employees directly rather than having them provided at outside facilities by private medical personnel, Caterpillar had subjected itself to tort liability under the "dual-capacity" doctrine. The supreme court, with one judge dissenting, reversed the appellate court's holding that Caterpillar could not be sued under the dual-capacity doctrine.

The court stated:

"The question for us is whether an employee whose injury arose out of and in the course of employment is barred by the exclusive-remedy provision of the Workmen's Compensation

Act from recovering damages in a negligence action against the employer-company for aggravated injuries sustained in medical treatment by employees of the same company." *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 356.

The court, after quoting the above-set-out sections 5(a), 8(a) and 11, stated:

> "The respondent here, in providing medical services to its employees, was meeting a duty imposed upon it as an employer under the Workmen's Compensation Act. That it chose to provide the services directly rather than through physicians hired independently does not alter the fact that medical services were rendered in response to the Act in its capacity as an employer. Larson states that it is clear that dual capacity will not be found simply because an employer has a number of departments with separate functions and operations. 2A A. Larson, Workmen's Compensation sec. 72.80 (1976)." 85 Ill. 2d 352, 358.

The court then discussed *Duprey v. Shane* (1952), 39 Cal. 2d 781, 249 P.2d 8, upon which the majority of the appellate court had strongly relied, and upon which plaintiff in the case at bar also does, saying:

> "There the plaintiff was employed as a practical nurse at her employer's clinic and was injured in the handling of a patient. She was treated by her employer, Dr. Shane, a chiropractor, and another chiropractor employed by him. She later filed a personal injury suit against both chiropractors, whose treatments, she claimed, had aggravated her injury. The court held that her suit was not barred by the exclusive-remedy provision in California's workmen's compensation act. Upon first observing that a compensation award would not bar a personal injury suit against an independent physician engaged by an insurance company, the court stated: '[I]t would seem to follow that the employee does not lose his right to such an action simply because the employer who happens to be a doctor treats the injury. In such event, the employer-doctor is a "person other than an employer" within the meaning of *** [the] Labor Code. *** In treating the injury Dr. Shane did not do so because of the employer-employee relationship, but did so as an attending doctor, and his relationship to *** [plaintiff] was that of doctor and patient.' (39 Cal. 2d 781, 793, 249 P.2d 8, 15.) Here Caterpillar Tractor provided treatment on the basis of the employer-employee relationship and not as a treating physician.

We would observe also that in *Dixon v. Ford Motor Co.* (1975), 53 Cal. App. 3d 499, 507, 125 Cal. Rptr. 872, 877, it was said that California courts, in decisions subsequent to *Duprey v. Shane*, refused to extend its doctrine to different factual contexts. The court cited a treatise on workmen's compensation laws in California to the effect that ' "The *Duprey* case represented a unique situation in which the employer was also a doctor. Subsequent attempts to extend its holding were unsuccessful." '

The circumstances in *Dixon* strongly resemble those here. A widow brought a wrongful death action against the Ford Motor Company and two employees of its medical staff for what she claimed was negligent treatment of her husband in the employer's first-aid station, which she said caused her husband's death. The court held that the dual-capacity doctrine was inapplicable and that the exclusive remedy was under the workmen's compensation statute. Among the cases cited by the court was *Deauville v. Hall* (1961), 188 Cal. App. 2d 535, 10 Cal. Rptr. 511. There, where an employer had furnished medical treatment to an injured employee, it was claimed that the employee should be permitted to file an independent action where his original compensable injury 'was aggravated by the carelessness of an unqualified doctor' and that the negligence of other medical personnel in diagnosing the employee's injury '[gave the employer] a status separate and apart from that of the employer ***.' (188 Cal. App. 2d 535, 540, 10 Cal. Rptr. 511, 514.) The court rejected this argument and, in holding that the workmen's compensation act provided the claimant's exclusive remedy, stated that 'there is nothing in the Act or the authorities to warrant an action in a court of law against an employer for the latter's negligence in providing *** medical treatment.' 188 Cal. App. 2d 535, 540-41, 10 Cal. Rptr. 511, 514." *McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 358-60.

The court then referred to two other out-of-State decisions which refused to allow a recovery under the dual-capacity doctrine where the Compensation Act contained an exclusive remedy provision, and concluded:

"For the reasons given, we hold that the Workmen's Compensation Act provided the sole means of recovery for the plaintiff's compensable industrial injury. That portion of the judgment of the appellate court which held that Caterpillar

Tractor could be sued under the dual-capacity doctrine is reversed." 85 Ill. 2d 352, 360.

In the case at bar, Henrotin Hospital was only fulfilling the statutory requirement that it had as an employer to provide and pay for medical services which are necessary in case of an industrial accident. It was acting in its capacity as employer rather than in an unrelated capacity. The fortuitous circumstance that it was itself a hospital with complete medical facilities cannot change that fact. To require it, in order to be protected by the exclusive remedy provision of the Compensation Act, to set up a separate facility or to hire doctors to render medical attention to its employees injured in the course of their employment, would be to require it to do something it was already equipped to do without those unnecessary steps. The dual-capacity doctrine has no application to the facts in the case at bar.

The trial court's denial of the hospital's motion to dismiss based on the exclusive-remedy provisions of sections 5(a) and 11 of the Workers' Compensation Act was error. Accordingly, it is reversed and the cause remanded with directions to grant the motion.

Reversed and remanded with directions.

JOHNSON and JIGANTI, JJ., concur.