SHIRLEY J. DALTON, Plaintiff-Appellant, v. COMMUNITY GENERAL HOSPITAL *et al.*, Defendants-Appellees.

Third District   No. 3—95—0112

Opinion filed September 5, 1995.—Rehearing denied October 13, 1995.

74

Douglas J. Simpson and Laird M. Ozmon, both of the Law Office of Laird M. Ozmon, of Joliet, for appellant.

Kenneth W. Traum and Erik K. Jacobs, both of Kostantacos, Traum, Reuterfors & McWilliams, P.C., of Rockford, for appellees.

JUSTICE LYTTON delivered the opinion of the court:

Plaintiff Shirley J. Dalton filed suit against defendants John O'Keefe, M.D., Sterling-Rock Falls Clinic, Ltd., and Community General Hospital, alleging she was negligently injured during surgical treatment for carpal tunnel syndrome. The hospital filed a motion to dismiss, asserting that plaintiff's claims against it were barred by section 5(a) of the Workers' Compensation Act (Act) (820 ILCS 305/ 5(a) (West 1992)). The trial judge granted the motion to dismiss, and plaintiff appealed. We reverse and remand for further proceedings.

## I. FACTS

Dalton was employed as a respiratory care technician at Community General Hospital in Sterling, Illinois, since 1982. On February 6, 1992, she filed a worker's compensation claim, alleging that she suffered from carpal tunnel syndrome. Thereafter, her medical bills were paid, and she received temporary total disability.

Dalton was referred by her physician to Dr. John O'Keefe, an orthopedic surgeon. Dr. O'Keefe determined that surgery was required. He selected Community General as the treating hospital. O'Keefe and the hospital's operating room personnel performed surgical procedures on March 16, April 13 and July 3, 1992.

On March 15, 1994, Dalton filed suit against Dr. O'Keefe, his

employer Sterling-Rock Falls Clinic, Ltd., and Community General Hospital, alleging medical malpractice. The hospital filed a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure. (735 ILCS 5/2—619 (West 1992).) The motion asserted that Dalton's suit against the hospital was barred by the exclusive remedy provision in section 5(a) of the Workers' Compensation Act (820 ILCS 305/5(a) (West 1992)), because Dalton was an employee of the hospital. The trial judge found that section 5(a) precluded plaintiff's claim and granted the motion to dismiss. Plaintiff filed this appeal pursuant to Illinois Supreme Court Rule 304(a). 134 Ill. 2d R. 304(a).

## II. ANALYSIS

Section 5(a) of the Workers' Compensation Act provides, in pertinent part:

> "No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who was covered by the provisions of this Act ***." 820 ILCS 305/5(a) (West 1992).

The first rule of statutory construction is that a court should ascertain and give effect to the intent of the legislature. (*People v. Gamblin* (1993), 251 Ill. App. 3d 769, 623 N.E.2d 831.) In determining the intent of the legislature, a court must consider the entire statute, as well as the evil to be remedied and the object and purpose to be obtained. (*In re A.K.* (1993), 250 Ill. App. 3d 981, 620 N.E.2d 572.) The language of the statute is the best indication of the legislative drafters' intent. When the drafters' intent can be ascertained from the statutory language, it must be given effect without resort to other aids for construction. (*People v. Bryant* (1989), 128 Ill. 2d 448, 132 N.E.2d 415.) Each word, clause, or sentence must not be rendered superfluous but must, if possible, be given some reasonable meaning. Where the statutory language admits of two constructions, one of which would render the enactment absurd and illogical, while the other would render it reasonable and sensible, the former construction must be avoided. *Kaszubowski v. Board of Education* (1993), 248 Ill. App. 3d 451, 618 N.E.2d 609.

Section 5(a) states that the Workers' Compensation Act provides the exclusive means of compensation for injury or death sustained by a covered employee "while engaged in the line of his duty as such employee." (820 ILCS 305/5(a) (West 1992).) An employer normally shielded from tort liability by the exclusive remedy principle may be liable in tort to his own employee if he occupies, in addition to his

capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer. (*McCormick v. Caterpillar Tractor Co.* (1981), 85 Ill. 2d 352, 423 N.E.2d 876.) Under this dual-capacity doctrine, the decisive test is "whether the employer's conduct in the second role or capacity has generated obligations that are unrelated to those flowing from the company's or individual's first role as an employer." *McCormick*, 85 Ill. 2d at 357, 423 N.E.2d at 878.

In *McCormick*, the supreme court held that where a company doctor treated an injured employee, that treatment was based upon the employer-employee relationship and therefore the dual-capacity doctrine was inapplicable. In *Mufich v. Heisler Green Chemical Co.* (1984), 121 Ill. App. 3d 958, 460 N.E.2d 482, the appellate court applied *McCormick* to a situation where a hospital engineer injured his foot in the course of his employment and went to the emergency room to receive treatment. The appellate court held that the hospital was merely fulfilling its statutory obligation to provide medical services necessary in case of an industrial accident.[1] The court called it a "fortuitous circumstance" that the defendant was a hospital (*Mufich*, 121 Ill. App. 3d at 963, 460 N.E.2d at 485) and denied plaintiff any relief.

We believe that *Mufich* should be narrowly construed and strictly limited to its facts. In this case, Dalton did not return to the hospital on her own to obtain treatment from her employer. She went to the defendant hospital because her physician, Dr. O'Keefe, chose the hospital as the place where he would perform the surgeries. The hospital was not serving simply as an employer fulfilling its statutory obligations after an accidental injury to its employee. While the defendant hospital may have been plaintiff's employer when she developed carpal tunnel syndrome, it was a treating medical provider at the time of the surgical procedures.

In this second capacity as a medical provider, the hospital's duties were unrelated to those obligations flowing from its role as plaintiff's employer. The hospital owed the same duty to plaintiff that it owed to every other patient: to exercise a degree of reasonable care as the patient's known condition required. (*Decker v. St. Mary's Hospital* (1993), 249 Ill. App. 3d 802, 808, 619 N.E.2d 537, 541.) Plaintiff's claims for malpractice are not barred by the exclusive remedy provision in section 5(a) of the Workers' Compensation Act. 820 ILCS 305/5(a) (West 1992).

---

[1]Section 8(a) of the Workers' Compensation Act requires that an employer provide and pay for medical procedures reasonably required to cure or relieve the effects of accidental injury. 820 ILCS 305/8(a) (West 1992).

## III. CONCLUSION

The judgment of the circuit court of Whiteside County is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

BRESLIN and SLATER, JJ., concur.